No. 43.—SAMUEL GILMER, plaintiff in error, *vs.* SINGLETON W. ALLEN, defendant.

[1.] There is no Statute in Georgia authorizing an agent to execute a forthcoming bond for property levied on by attachment.

[2.] The defendant, by his demurrer, admits the ability of the plaintiff to sustain all the allegations in his declaration by proper proof.

[3.] The plaintiff is not obliged to spread out his proof upon the record.

[4.] If the declaration avers that the principal executed the bond, which is the subject of the suit, by his agent, it is sufficient.

Debt, in Elbert Superior Court. Decision by Judge BAXTER, September Term, 1850.

This was an action upon a bond given by a claimant for the forthcoming of property, levied on by an attachment. The declaration alleged, that the bond was executed by "John B. Martin, (the claimant,) signing his name by his agent, John C. Martin," and Singleton W. Allen.

Upon the trial defendant in error, by counsel, demurred to the declaration, upon the ground that there was no Statute of the

Gilmer *vs.* Allen.

State, authorizing an agent to execute a forthcoming bond in cases of claim to property levied on by attachment, and because it did not appear that the agent had any written authority to execute the bond.

The Court sustained the demurrer, and plaintiff excepted.

Cone and Van Deuzer, for plaintiff in error.

T. R. R. Cobb, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] We are satisfied that there is no Statute in this State authorizing an agent to give a forthcoming bond for property levied on by attachment.   Still, we think that the Court erred in sustaining the demurrer to the writ.

[2.] The defendant, by demurring, admits the ability of the plaintiff to sustain all the allegations in his declaration, by proper proof.   As, for instance, if the demurrer is to a writ, as being within the Statute of Frauds, it concedes that the plaintiff can prove the promise, in accordance with the provisions of the Statute.

[3.] In other words, the plaintiff is not obliged to spread out his proof upon the record.   If the rule was otherwise, the defendant, by his demurrer, might cut off the plaintiff's testimony, however sufficient it might be to make out his case.

[4.] The declaration alleges, that the bond was executed by the principal through his agent.   This averment is sufficient, and will entitle the plaintiff to recover, provided it be sustained on the trial by competent proof.

Let the judgment be reversed.