THOMAS CASTELLO, plaintiff in error, v. SOPHRONIA CAS-
TELLO, defendant in error.

(Atlanta, January Term, 1871.)

DIVORCE — EVIDENCE — PRIVILEGED COMMUNICATION.*
—An action for divorce was brought by the husband against his
wife, alleging as a ground for divorce, the willful and continued de-
sertion of the wife for the term of three years:

*Held,* That the husband was a competent witness on the trial
thereof, under the provisions of the 3978th section of the Code; but
he could not testify as to any facts derived by him from the confi-
dential relation of husband and wife.

Divorce. Party as Witness. Before Judge Harrell. Stewart
Superior Court. October Term, 1870.

In March, 1870, Thomas Castello sued his wife, Sophronia,
for a divorce, averring that, three years before, she abused him
in the most insulting manner, when he was violently ill and
helpless, refused to render him any assistance, abandoned his
home, and had remained away ever since. On the trial, after
proving the marriage, plaintiff was offered as a witness to prove
said averments. The Court held him to be incompetent and
there was a verdict for defendant. The rejection of plaintiff
as a witness is assigned as error.

Moses & Downing; C. R. Russell, for plaintiff in error.
No appearance for defendant.

*WARNER, J.

The husband was a competent witness, on the trial of
the case, under the provisions of the 3798th section of the Code,
but could not testify as to any facts derived by him from the
confidential relation of husband and wife.

Let the judgment of the Court below be reversed.

---

BENEDICT HALL & COMPANY, plaintiffs in error, v. BENJA-
MIN F. DAVIS, defendant in error.

(Atlanta, January Term, 1871.)

BILLS, NOTES AND CHECKS—PRESENTATION—NOTICE.†
—In order to render the drawer liable, the holder must present the draft

*EVIDENCE—PRIVILEGED COMMUNICATIONS.—There is no
error in allowing a wife to be sworn as a witness, and especially none
under the caution, that she need not answer any question tending to
criminate her husband. Williams v. State, 69 Ga. 31. See also, Cas-
tello v. Castello, 41 Ga. 613; Davis v. Weaver, 46 Ga. 626; Porter v.
Allen, 54 Ga. 625; Barclay v. Waring, 58 Ga. 87; Goodrum v. State, 60
Ga. 509; Johnson v. State, 61 Ga. 305; Stanford v. Murphy, 63 Ga. 410.

†BILLS, NOTES AND CHECKS—NOTICE.—By the provisions of
the act of the 26th of Dec., 1826, notice of the nonacceptance of a bill
of exchange, drawn in this state, on person residing in New York,

at the place designated for payment, and give notice of refusal to the drawer. Notice is a condition precedent to his liability, and must be averred and proved, and if there be anything in the case which the plaintiff relies on dispensing with such presentation and notice, as that the drawee had no effects in the hands of the drawer, and is not damaged, that must be averred and proven, and without this the case is not prima facie made out against the drawer.

Bills. Notice. Before Judge Harrell. Stewart Superior Court. October Term, 1870.

This was complaint by Benedict Hall & Company against Benjamin F. Davis, upon the following draft:

"$139 60                                 New York, Feb'y 18th, 1868.

"Three days after date, pay to the order of Benedict Hall & Co. one hundred and thirty-nine 60-100 dollars value received, with current rate of exchange on New York, at the office of John King, Columbus, Ga.

                                                        "B. F. Davis.

"To J. E. Thompson, Green Hill P. O., Ga."

At the trial, it was admitted that John King's office was not a chartered bank. Plaintiffs' counsel read in evidence said draft and closed. Whereupon, on motion of defendant's counsel, a nonsuit was granted. This is assigned as error.

*E. G. Raiford, by John Peabody, for plaintiffs in error, as to notice to drawer, cited: R. Code, sec. 2739. And said, at any rate, the jury should have passed upon the case: R. Code, sec. 3270; 30th Ga. R., 271.

J. L. Wimberly, by E. H. Beall, for defendant.

LOCHRANE, C. J.

The record in this case discloses that suit was instituted at

---

and indorsed in this state, is not necessary to bind the indorser when not payable at a chartered bank. Hartridge v. Wesson, 4 Ga. 101. The doctrine of this case is reaffirmed in the principal case, to wit: that notice of the nonpayment of a bill of exchange, by the acceptor, when not payable nor intended to be negotiated at a chartered bank, is not necessary to bind the drawer. Holmes v. Pratt, 34 Ga. 558.

In Wright v. Shorter, 56 Ga. 77, it is said: "In states (as in Georgia) where the general rule is, by statute, that indorsers are not entitled to any notice whatever, a guarantor of payment may consistently be denied notice of nonpayment, supposing his guaranty to be concerning a class of paper to which the general rule applies. The change of policy which is involved in doing away with notice to indorsers is so radical that its spirit reaches and includes guarantors in like cases. In a system of diligence which expressly dispenses with notice to the former, there would seem to be no place for a rule requiring notice to the latter. The broad reason of notice is repealed by a statutory denial of its application to indorsers, they being the great representative class with reference to which the law of notice has, for the most part, been moulded. It would be a striking anomaly for an absolute guarantor of payment to stand discharged for want of notice under circumstances that would leave an indorser still bound. Our statute has been construed to embrace drawers (though not named) and to dispense with notice as to them. (Holmes v. Pratt,) 34 Ga. 558; (Pannell v. Phillips,) 55 Ga. 618; (High v. Cox,) 55 Ga. 662. Compare, however (Hall v. Davis,) 41 Ga. 614; (Gilbert v. Seymour,) 44 Ga. 63."

the April Term of Stewart Superior .Court, upon a ·bill of exchange, or draft, given by B. F. Davis, defendant in error to the plaintiffs in error. The draft is dated, New York, February 18th, 1868, and was payable at the office of John King, Columbus, Georgia, three days after date, and was addressed to and accepted by, J. E. Thompson. At the October Term, 1870, the case came on for trial, and the plaintiff submitted the draft in evidence, and closed his case. Whereupon, counsel for defendants moved a non-suit, which was granted by the Court, and this is the error assigned.

The question in this case is, whether Davis, the drawer of this paper, was entitled to notice of its non-payment, or whether the plaintiffs were compelled to aver and prove facts dispensing with the notice, under the rules of law, to have made out his case.

Under the 2739th section of our Code, the change made in the law relative to notice, we hold, applies only to indorsers, and does not alter, repeal, or annul the well-established principles .of law governing the liability of drawers and their righhts to notice of non-payment.

This bill is a foreign bill, being drawn in New York and payable in Georgia, and is invested with all the necessary requirements of presentation and notice of non-payment to charge the drawer, as are applicable to foreign bills of exchange.

Story on Bills lays down the general principle, that, in order to charge a drawer of a foreign bill of exchange with liability, it must, if due at a certain day after date, be presented *at its maturity for payment, and if not paid, it must be protested, and notice given to the drawer. Story on Bills, 373, et seq. The same doctrine is held in Chitty, 197. In order to render the drawer of a bill of exchange, foreign or domestic, liable, the holder must present it for acceptance and payment, and give notice of refusal to the drawer: Story on Bills, 311, et seq.

Notice of non-payment is generally indispensable to charge the drawer of a bill of exchange. It is a condition precedent to his liability, and must be averred and proved, and if there is anything in the case which the plaintiff relies upon, as dispensing with demand and notice, as that the drawer had no effects in the hands of the drawee and is not damaged, that must be averred and proven on the trial: Bayl, 107; 7 East, 1231; Chitty, 1976, 215.

That it was indispensable that the plaintiff should have shown its presentation and notice of non-payment or an excuse which would have been good in law, is the opinion of the Court, in 10 Georgia, 333. And here there is no allegation of notice. In this view of the case, we are of opinion that it was precedent to the liability of the drawer, that he should have had notice, and that the plaintiff, failing to prove this, or account in law for the failure by averment and proof

that would have taken this case out of the general rule, failed to make such a case as could go to the jury, or upon which they could have found for the plaintiff.

This doctrine is affirmed by this Court in 24 Georgia, 445, in the case of Smith v. Barnes, and upon the authority stated, we believe the Court was right in granting the order of non-suit in this case.

Judgment affirmed.