## GERMANIA BANK v. TRAPNELL et al.

1. An order, or warrant, was drawn upon the county school commissioner of Bulloch county, directing him to pay to a named person, or bearer, a designated sum of money. It recited as a consideration that it was in payment for property "purchased for the use of the public schools of said county," and directed that the draft should be paid "out of the public funds for the year 1899." It further recited that it was "issued by authority of, and payment individually guaranteed by," the parties whose signatures were attached, and who signed as chairman and members of the county board of education. *Held*, that suit could not be maintained against the signers of the instrument in their individual capacity as drawers, the only individual liability incurred by them being that of guarantors.

2. In order to maintain an action against the drawer of a bill of exchange, the petition must show that demand has been made upon the drawee and payment refused by him.

Argued July 14, — Decided August 14, 1903.

Complaint. Before Judge Evans. Bulloch superior court. November 5, 1902.

*Groover & Johnston*, for plaintiff, cited, as to negotiability: Civil Code, § 3686; 56 *Ga.* 203; 69 *Ga.* 627; 4 Hill, 263; 40 Ohio St. 397; 31 Penn. St. 506; 57 N. Y. 459. Words of guaranty to be taken as strongly against guarantor as the sense will admit: 25 U. S. (12 Wheat.) 515.

*J. A. Brannen,* for defendants, cited: Tied. Com. P. §§ 26, 152; 24 *Ga.* 287; 10 Mod. 294; 4 Denio, 159; 15 Gratt. 165; 38 Pac. (Wyo.) 922, 10 Gen. Dig. 381 (29); 155 U. S. 513, 10 Gen. Dig. 381 (28); 63 Fed. 805, 10 Gen. Dig. 382; 4 Am. & Eng. Enc. L. (2d ed.) 87.

CANDLER, J.    The Germania Bank brought suit against Trapnell, Moore, and Hodges, on an instrument of which the following is a copy:

"100.00        The State of Georgia.
" Bulloch County, Ga., 18th April, 1899.

"The county school commissioner of Bulloch county is hereby authorized and directed to pay to Clarence Walcott, or bearer, the sum of one hundred and no/100 dollars, for five arithmetical charts, with interest from date at eight per cent. per annum, purchased for the use of the public schools of said county out of the public funds.

for the year 1899 ; and this warrant shall be his voucher for said sum, due 1st August, 1899.

"Issued by authority of,       A. Trapnell, chairman,
and payment individually       S. L. Moore Jr., member,
guaranteed by,                W. A. Hodges, member,
                              County Board of Education."

On the back of this paper were the following endorsements : " State of Georgia, Bulloch County. Pay warrant. Dated 18th April, 1899, due 1st August, 1899. Accepted and entered 20 April, 1899. James L. Hagin, County School Commissioner, Bulloch County. Transferred for value. Clarence Walcott."

The petition was in the following language: " The petition of Germania Bank showeth that A. Trapnell, S. L. Moore Jr., and W. A. Hodges are indebted to it in the sum of one hundred dollars, besides interest, on a draft dated April 18th, 1899, and due August 1st, 1899, which said A. Trapnell, S. L. Moore Jr., and W. A. Hodges refuse to pay. Wherefore your petitioner prays process may issue," etc. The defendants demurred, on the grounds, (1) that no suit should be maintained against the defendants as individuals, because the paper sued on shows that they signed same as members of the board of education; (2) that plaintiff does not set up or allege any demand, presentation, or refusal of said draft, which, by its terms and conditions, they are bound to do in order to bring suit thereon ; and (3) that the instrument is not negotiable by delivery, and plaintiff has no right to sue on it. The court passed an order sustaining the demurrer generally, and the plaintiff excepted. In this court counsel for both sides argued chiefly the point made by the third ground of the demurrer, viz., that the action could not be maintained, because the instrument sued on was not negotiable by delivery, and that therefore suit could not be brought except in the name of the original payee. There is nothing in the record, however, to show that this was the only ground upon which the demurrer was sustained; and it is apparent, therefore, that if for any reason set out in the demurrer the suit was not maintainable, the judgment of the court below will not be disturbed. In the view that we take of the case, it is unnecessary to discuss the ground referred to, further than to say that the weight of authority seems to be that, while municipal and county warrants are not negotia-

ble in the sense of the law merchant, to the extent that the city or county is precluded from setting up equitable defenses as against a bona fide purchaser for value and without notice, they are, when expressly made negotiable in form, transferable by delivery or assignment, and may be sued upon by the transferee. 21 Am. & Eng. Enc. L. (2d ed.) 26, 27.

It will be observed that the present action is not brought against the defendants upon their secondary liability as guarantors. The theory of the suit is that they are primarily liable as drawers of a negotiable draft. A careful perusal of the instrument sued on fails, in our opinion, to disclose any primary individual liability on the part of the defendants. In the construction of contracts, the intention of the parties is always of paramount importance, and everything about the contract sued on in the present case negatives the idea of an intention to create a primary liability on the part of the defendants. The warrant recites that the consideration for which it was issued was property "purchased for the use of the public schools of said county," and the money is ordered to be paid "out of the public funds for the year 1899." It was nothing more or less than an official warrant drawn on a public officer, directing him to pay to the person designated therein a named sum of money out of a certain public fund, and was signed by the chairman and members of the board of education in their official capacity. The only indvidual undertaking on their part was to guarantee that the money would be paid. The words, "issued by authority of, and payment individually guaranteed by," would seem to settle definitely that there was no intention on the part of the defendants to incur an individual liability; for it would be nothing less than nonsense for one to guarantee the fulfillment of his own individual obligation. We conclude, therefore, that the suit was improperly brought against the defendants in their individual capacity upon an alleged primary liability.

2. It seems well settled, that before an action can be maintained against the drawer of a bill of exchange, demand must be made upon the drawee and payment refused by him, and that this must appear on the face of the petition. In *Benedict* v. *Davis*, 41 *Ga.* 616, Chief Justice Lochrane, delivering the opinion, said: "In order to render the drawer of a bill of exchange, foreign or domestic, liable, the holder must present it for acceptance and payment,

and give notice of refusal to the drawer."    Citing Story on Bills, 311 et seq.

From the foregoing it follows that at least two grounds of the demurrer were well taken, and the judgment of the court below will accordingly be          *Affirmed. By five Justices.*