14221. OLMSTEAD *et al.* *v.* CAROLINA PORTLAND CEMENT CO.

BROYLES, C. J. 1. Where personal property is sold under a retention-of-title contract, the contract *not being attested by a witness,* nor recorded, in a State where the law does not require such a contract to be so attested or recorded, and the property is subsequently brought into this State, and mortgaged to one who duly and properly records his mortgage, and who is given possession of the property, and who has no notice of the retention-of-title contract until after he has obtained possession of the property and recorded his mortgage (the contract not being recorded in this State), an action in trover by the holder of the retention-of-title contract to recover the property will not lie, although the action be brought within six months after the property was removed to this State. This is so because the retention-of-title contract was not attested as required by the statute law of this State, the plain import of which is " that *attestation is essential to the validity of the contract, as against third persons,* as well as a condition to its being admitted to record." (Italics ours.) *Merchants Bank* v. *Cottrell,* 96 *Ga.* 168 (2), 170 (23 S. E. 127).

2. It is contended, however, in the instant case that compliance with the statute law of this State as to the attestation of a retention-of-title contract was not essential, inasmuch as the contract was executed in the State of Florida, and therefore was governed by the law of that State, under which no attestation was necessary in order to render the reservation of title good as against third persons. We cannot agree with this contention. Where property, sold under a retention-of-title contract, is brought into this State, the requirement which our law imposes for the benefit of third persons, as to the attestation of such contracts, is not dispensed with by reason of the fact that the property was purchased in a sister State. " It is scarcely necessary to say that where the *lex situs* makes the validity of a document to depend upon a certain mode of acknowledgment and registry, these conditions must be complied with. Their omission cannot be made good by the most solemn modes of attestation and registration adopted by the State from which the document emanates." Wharton on Conflict of Laws, § 275 f; *Cunningham* v. *Cureton,* 96 *Ga.* 489, 491, 492 (23 S. E. 420); *Armitage Co.* v. *Muscogee Co.,* 119 *Ga.* 552 (46 S. E. 634); *Sally* v. *Bank of Union,* 150 *Ga.* 281 (3) (103 S. E 460).

(a) The above ruling is not affected by the facts that both parties to the retention-of-title contract were citizens of the sister State where it was executed, and that the contract recited that the party was not to be removed beyond the limits of the State without the written consent of the vendor, and that this latter provision of the contract was violated by the vendee.

3. Under the above rulings and the facts of the instant case, the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1923.

Trover; from city court of Atlanta — Judge Reid.  November 27, 1922.

Certiorari was granted by the Supreme Court.

*Hugh Howell, Herman Heyman, Dorsey, Brewster, Howell & Heyman,* for plaintiff.  *Davis & Grant,* for defendant.