## 17581. EDENFIELD *v.* SMITH.

BELL, J. 1. The conversion by the holder of collateral pledged to secure a promissory note does not operate "as a cancellation of the note." The remedy of the maker or the party aggrieved by the conversion may be an action of trover or a suit or counterclaim for damages. *Bennett v. Tucker,* 32 *Ga. App.* 288 (123 S. E. 165).

2. Where the holder of a promissory note, with which certain corporate stocks were pledged as collateral, brought suit upon the note, and where the defendant pleaded that the plaintiff had converted the collateral and that the conversion thereof "operated as a cancellation of the note sued on," but failed to plead that he had been damaged in any amount as a result of the conversion, and there was no attempt to plead any other defense, the answer was fatally defective. This being true, and there being no request to charge, there was no error in directing a verdict in favor of the plaintiff, irrespective of whether the evidence might have been sufficient to sustain a finding in favor of the defendant both as to the conversion and as to damages flowing therefrom. In such a case the trial judge is not *bound* to submit to the jury a defense not pleaded, even though there may have been evidence, introduced without objection, in support of such defense. See, in this connection, *Fisher v. George S. Jones Co.,* 108 *Ga.* 490 (34 S. E. 172); *Blaylock v. Walker County Bank,* 36 *Ga. App.* 377 (136 S. E. 924), and cases cited. No decision is made as to whether the rule might be different where there is a proper and timely written request to charge on such defense.

3. Where a copy of the note sued on was attached to the petition and showed no indorsement by the original payee, but where the plaintiff, suing as indorsee, alleged in the petition that he was the rightful holder and owner of the note, and this allegation was admitted in the defendant's answer, there was no error in admitting the note in evidence, over the objection of the defendant maker that it materially varied from the pleadings, although the original note, as produced and tendered in evidence, differently from the copy, showed an indorsement by the payee to the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1927.

---

Bills and Notes, 8 C. J. p. 618, n. 99; p. 803, n. 17; p. 860, n. 3, 5; p. 940, n. 66; p. 976, n. 29.
Pleading, 31 Cyc. p. 230, n. 7.
Trial, 38 Cyc. p. 1575, n. 23.

Complaint; from city court of Atlanta—Judge Reid.   June 19, 1926.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*A. R. Dorsey, Bond Almand,* contra.