### 18413. MOTORS MORTGAGE CORPORATION v. PURCHASE-MONEY NOTE COMPANY.

JENKINS, P. J. 1. Where the force and effect of a contract executed in another State are governed by the laws of that State, and no law of that State is pleaded or proved, it will be presumed that the common law is of force there. *Gunn* v. *Wilson*, 20 *Ga. App.* 14 (3) (92 S. E. 721); *Hines* v. *Evitt*, 25 *Ga. App.* 606 (3) (103 S. E. 865). In such a case the decisions of the courts of this State dealing with such a contract, under the common-law rule governing the same, will be followed, even though the courts of last resort in the State where the contract was executed may have construed a similar contract differently under the rules of the common law. *Pattillo* v. *Alexander*, 105 *Ga.* 482 (30 S. E. 626); *Akers* v. *Jefferson County Savings Bank*, 120 *Ga.* 1066 (48 S. E. 424); *Thomas* v. *Clarkson*, 125 *Ga.* 72 (3) (54 S. E. 77, 6 L. R. A. (N. S.) 658).

2. "The cardinal rule of construction, both at common law and under our code, is, that instruments containing conditions, limitations, and restrictions are to be construed in each case in such way as to carry into effect the intent of the parties as gathered from the instrument as a whole." *Wadley Lumber Co.* v. *Lott*, 130 *Ga.* 135, 137 (60 S. E. 836); Civil Code (1910), § 4266.

3. Where a Pennsylvania contract, styled a "lease," states that the "lessor" thereby "leases" ·to the "lessee" a described automobile for a total rental price of $1280, that $512 of this amount has been paid in cash, and that the balance is to be paid in regular monthly installments of $96 each, bearing interest after maturity, and provides that the loss, injury, or destruction of the property shall not release the "lessee" from these payments, and that in case of default in payment of any installment of "rent" the "lessor" shall have the right to retake the property *and proceed against the "lessee" to collect the remaining unpaid installments*, and that upon full payment by the "lessee" of the installments of rent reserved by the contract, the "lessee" shall re-deliver the property to the "lessor," and shall thereupon have the right to purchase the property within ten days for an additional consideration of $1, the "lessor" then to execute to the "lessee" a bill of sale for the property, and that pending performance by the "lessee" of the terms of the contract the title to the property is reserved to the "lessor," the contract, in the absence of any Pennsylvania statute governing the same, will be construed in accordance with the rules of the common law as interpreted by the courts of this State, and must accordingly be held to be a contract of sale, with a reservation of title in the seller. This is true for the reason that the manifest intent and purpose of the parties is to effect a transfer of title to the so-called "lessee" on performance by him of the stipulations of the contract, including full payment of the purchase-price. See *Hays* v. *Jordan*, 85 *Ga.* 741 (2), 746 (11 S. E. 833, 9 L. R. A. 373); *Cottrell* v. *Merchants & Mechanics Bank*, 89 *Ga.* 508 (2) (15 S. E. 944); 24 R. C. L. 449, § 747; *Colonial Hill Co.* v. *Greenoe*, 35 *Ga. App.* 698, 702 (134 S. E. 633).

4. Where a contract which, under the rules of the governing common law,

must be construed by the courts of this State as one of conditional sale is executed in another State, and the property is brought into this State, the reservation of title in the seller is not effective as against one who in good faith has here acquired title to the property without actual notice of such reservation, unless the contract was duly recorded as required by the Civil Code (1910), §§ 3259, 3319. *Cunningham* v. *Cureton*, 96 *Ga.* 489 (3) (23 S. E. 420); *Cottrell* v. *Merchants & Mechanics Bank*, supra; *Olmstead* v. *Carolina-Portland Cement Co.*, 30 *Ga. App.* 126 (117 S. E. 255); *Burgsteiner* v. *Street-Overland Co.*, 30 *Ga. App.* 140 (4), 143 (117 S. E. 268).

5. In the instant case, the instrument under which the plaintiff in trover claimed title not having been recorded in compliance with the foregoing provisions of law, and it appearing, without dispute, that the defendant in trover had acquired the property in good faith and without knowledge of such reservation-of-title contract, the judge of the superior court did not err in sustaining the certiorari from the judgment rendered against the defendant in the municipal court.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 22, 1928.

*W. J. Davis Jr., Dillon, Calhoun & Dillon,* for plaintiff.
*M. Herzberg,* for defendant.