20609. THOMAS *v.* SHEPHERD.

JENKINS, P. J. 1. Where the force and effect of a contract executed in another common law State are governed by the laws of that State, and no law of that State is pleaded or proved, it will be presumed that the common law is of force there; and in such case the decision of the courts of this State construing the common law will be followed, even though the courts of last resort in the State where the contract was executed may have construed a similar contract differently under the rules of the common law. *Motors Mortgage Corp.* v. *Purchase-Money Note Co.,* 38 *Ga. App.* 222 (143 S. E. 459).

2. According to the rules of the common law, as interpreted by our Supreme Court, "the indorser of a promissory note is entitled to have the

same duly presented for payment, and of a failure or refusal to pay he is entitled to notice; and a failure of the holder to present for payment, or to give notice of non-payment, discharges the indorser from liability." *Pattillo* v. *Alexander*, 96 *Ga.* 60 (2), 62 (22 S. E. 646, 29 L. R. A. 616).

3. In the instant suit against an indorser on negotiable notes executed in the State of Tennessee and payable at a designated bank in that State, while there was proof going to show that the holder had informed the indorser of the failure of the maker of the notes to pay them, there is no proof going to show a presentation of the notes for payment, at maturity, at the bank where they were payable, or elsewhere, as required by the rules of the common law, so as to render notice to the indorser effectual. While the petition might have been amended so as to remedy the deficiency occasioned by the failure to make such necessary allegations as to presentation of the notes, there was no evidence showing such presentation, and, consequently, the defect was not cured by the verdict. Nor was it necessary that the failure to present the notes to the maker for payment be specially pleaded in defense by the indorser. *Germania Bank* v. *Trapnell*, 118 *Ga.* 578 (2) (45 S. E. 446).

4. Under the foregoing rulings, the verdict in favor of the plaintiff was unauthorized, and must be set aside.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided January 19, 1931.

*Samuel B. Smith, James H. Anderson,* for plaintiff in error.
*McClure & McClure, Thompson & Ballard, T. G. Head,* contra.