### 21326. WILLIS *v.* SEIBERLING RUBBER COMPANY.

BELL, J. 1. "Under a denial of the allegations in the plaintiff's declaration, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Civil Code (1910), § 5636.

2. In a suit against a partnership and its members upon a check purporting to have been executed by one of the members in behalf of the partnership, an answer by one of the members which first contained a mere general denial of indebtedness, but which was amended so as to allege that the check was executed by the other member after the dissolution of the partnership, of which dissolution the plaintiff had notice, did not amount to a plea of want of consideration or of total or partial failure of consideration, or of any other affirmative defense except that the person who executed the check had no authority to bind the partnership, for the reason that the partnership had been dissolved, with notice to the plaintiff. Civil Code (1910), § 3164; *Bennett* v. *Watson,* 31 *Ga. App.* 367 (4) (120 S. E. 802), and cit.

3. A check, being a negotiable instrument, imports a valid and sufficient consideration, and in a suit upon such an instrument it is unnecessary for the plaintiff to allege or prove a consideration therefor, but a consideration will be presumed until the contrary appears. *Purcell* v. *Armour Packing Co.,* 4 *Ga. App.* 253 (3) (61 S. E. 138).

4. Although in a suit upon a check against the maker it is ordinarily essential to a recovery that the plaintiff should prove that the check was duly presented to the drawee and payment thereof refused, the check itself may be admitted in evidence before proof of such presentation and refusal. The check, being only one of a series of facts necessary to constitute the cause of action, need not be withheld from evidence until the other ingredients of the cause of action are established. *Germania Bank* v. *Trapnell,* 118 *Ga.* 578 (2) (45 S. E. 446) ; *Bank of Richland* v. *Nicholson,* 120 *Ga.* 622 (2) (48 S. E. 240) ; Ga. L. 1924, pp. 126, 163, § 185; 8 C. J. 1059.

5. Nor was it necessary for the plaintiff to prove the execution of the check before introducing it in evidence, the suit being founded di-

rectly upon the instrument, and no plea of *non est factum* having been filed. *Anderson* v. *Blair*, 121 *Ga.* 120 (3) (48 S. E. 951, 2 Ann. Cas. 165); *Jones* v. *Bank of Powder Springs*, 31 *Ga. App.* 263 (120 S. E. 422). The plea filed fully accounted for the execution of the check and set up an affirmative defense as to which the defendant had the burden of proof, it not amounting to such a plea of no partnership as would cast the burden upon the plaintiff. Civil Code (1910), § 3166; *Higdon* v. *Williamson*, 140 *Ga.* 187 (2) (78 S. E. 767); *Atlanta Trust Co.* v. *Willingham*, 20 *Ga. App.* 152 (92 S. E. 759); *Wiggins* v. *McCalla*, 20 *Ga. App.* 739 (2) (93 S. E. 231); *Cooke* v. *Faucett*, 35 *Ga. App.* 209 (132 S. E. 268).

(a) Under the rulings made in this and the preceding paragraph, there was no merit in special grounds 1 and 3 of the defendant's motion for a new trial.

6. Special grounds 4 to 13, inclusive, of the amendment to the motion for a new trial complain of the admission of evidence introduced by the plaintiff, relating solely to the consideration for the check, but since the defendant's plea raised no question of consideration, and since the plaintiff was not required to make proof of such consideration in order to recover, it is immaterial whether the evidence by which the plaintiff sought to establish consideration was admissible or not, and the defendant was not harmed by the admission of such evidence, even assuming that it was incompetent and objectionable as contended.

7. In ground 14 it was contended that the evidence demanded a finding that the plaintiff in error notified the plaintiff's agent that he would consent to be liable only for a limited sum on contracts of his co-partner, and, therefore, that the verdict for the amount of the check, which was in a much larger sum, was excessive and unwarranted as to the difference. *Held:* No such defense having been made in the answer, the judge of the trial court was not bound to grant a new trial upon this ground. *Blaylock* v. *Walker County Bank*, 36 *Ga. App.* 377 (4) (136 S. E. 924); *Edenfield* v. *Smith*, 36 *Ga. App.* 682 (2) (137 S. E. 841). As to whether such facts would constitute a good defense, see Civil Code (1910), § 3180; *Campbell* v. *Bowen*, 49 *Ga.* 417; 47 C. J. 834, § 297.

8. The overruling of a motion for a nonsuit can not be reviewed by motion for a new trial, but should be made the subject of direct exception. *Dixie Mfg. Co.* v. *Ricks*, 153 *Ga.* 364 (4) (112 S. E. 370); *Hudson* v. *Georgia Pacific Ry. Co.*, 85 *Ga.* 203 (3) (11 S. E. 605); *Rice* v. *Ware*, 3 *Ga. App.* 573 (60 S. E. 301); *Holland* v. *Ryals*, 41 *Ga. App.* 280 (3), 282 (152 S. E. 852). It follows that special ground 2 of the motion for a new trial can not be entertained by this court.

9. Counsel for the plaintiff in error have made no insistence whatever upon the general grounds of the motion for a new trial, nor upon any question as to the sufficiency of the evidence to support the verdict, except as contained in ground 14 of the amendment to the motion for a new trial; and the original general grounds of the motion are therefore regarded as having been abandoned by the plaintiff in error. The judgment refusing a new trial was not erroneous for any reason urged.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs specially.*

DECIDED DECEMBER 21, 1931.

*Smith & Ferguson,* for plaintiff in error.
*Ellis, Mitchell & Ellis,* contra.