### 24883. STEED v. HARRIS.

DECIDED FEBRUARY 7, 1936.

*Boykin & Boykin, O. W. Roberts, Jr.,* for plaintiff in error.
*Smith & Millican, Willis Smith,* contra.

BROYLES, C. J. 1. The office of a special demurrer to a petition is to cause the plaintiff to inform the defendant fully of the facts relied on by the plaintiff to make out his cause of action, so that the defendant may be able to prepare his defense to the suit. *Kemp* v. *Central Ry. Co.,* 122 *Ga.* 559, 562 (50 S. E. 465); *R.*

& D. R. Co. v. *Mitchell,* 95 *Ga.* 78, 85 (22 S. E. 124). However, where the information called for by a special demurrer is within the defendant's knowledge, the overruling of the demurrer is not harmful error, since the defendant is not thereby hindered from preparing his defenses. See *Cherokee Mills* v. *Gate City Mills,* 122 *Ga.* 268 (2), 272 (50 S. E. 82); *Miller* v. *Southern Ry. Co.,* 21 *Ga. App.* 367 (1) (94 S. E. 619).

2. Where certain allegations in a petition are demurred to on the ground that they "are immaterial and irrelevant and set forth no element of recovery against the defendant;" and where "such allegations are by no means essential to the plaintiff's alleged cause of action, and partake more of the nature of evidence than of pleading; but [where] they are nevertheless so closely connected with the transaction in controversy as not to be subject to the criticism that they are wholly irrelevant," the allegations should not be stricken upon the particular grounds of demurrer urged. *Miller* v. *Southern Ry. Co.,* supra. Under the foregoing rulings, the court did not err in overruling the special demurrers to the petition.

3. This was a suit for damages for alienation of a wife's affections. Two paragraphs of the petition are as follows: (12) "That the defendant, taking advantage of petitioner's confidence and trust, and by means of his bland and suave manner and his sanctimonious mien, his seductive smiles, his oily tongue, and disguised by his sheep-like clothing, was all the while using every seductive means and art to alienate the affections and steal the love of petitioner's wife, which petitioner alleges that he has by such means completely accomplished." (13) "That the defendant during the year 1933, and prior to July 31st of said year, always took advantage of every opportunity when petitioner was away from his home to poison the mind of petitioner's wife against him, to alienate her affection for petitioner and cause her to abandon petitioner, and that all the while the defendant was posing as petitioner's good friend and neighbor, so that he could the better carry on his damnable conspiracy and scheming against this petitioner and his home." In view of the grave charges thus made against the defendant, and the severe and denunciatory language employed therein, reflecting upon his character as a man, a citizen, and a neighbor, the court erred in refusing to allow the defendant

to introduce evidence as to his good character. See *McClure* v. *State Banking Co.*, 6 *Ga. App.* 303, and cit.

4. Under the facts of the case the court erred in excluding testimony of the defendant's physician that in 1933 he advised the defendant that it was necessary for him to go to Hot Springs for his trouble, and that he went there on the physician's advice.

5. The remaining special grounds disclose no harmful errors, except as are not likely to recur on another trial; and the general grounds are not passed on.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*