32924.   BUSSEY *v.* HAGER, executrix.

DECIDED JULY 3, 1950.

Gambrell, Harlan & Barwick, James C. Hill, for plaintiff in error.
J. F. Kemp, J. M. Johnson, contra.

MacIntyre, P. J. "Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. *Jackson* v. *Johnson*, 67 *Ga.* 167 (2), 182; *Davis* v. *DeVaughn*, 7 *Ga. App.* 324, 325 (66 S. E. 956).

"(a) A contract of a foreign State which constituted one of the thirteen original colonies, or which was derived from territory included in one of such colonies, will be construed and governed by the common law, in the absence of any pleading to the contrary. *Slaton* v. *Hall*, 168 *Ga.* 710, 716 (148 S. E. 741, 73 A. L. R. 891); *Thomas* v. *Shepherd*, 42 *Ga. App.* 558 (156 S. E. 724), and cit.

"(b) And in such a case the construction of the common law given by the courts of this State will control in preference to the construction given by the courts of the State of the contract. *Slaton* v. *Hall*, supra; *Lay* v. *N. C. & St. L. Ry. Co.*, 131 *Ga.* 345 (62 S. E. 189); *Thomas* v. *Clarkson*, 125 *Ga.* 72 (3) (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Motors Mortgage Corp.* v. *Purchase-Money Note Co.*, 38 *Ga. App.* 222 (143 S. E. 459), and cit." *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, 189 *Ga.* 807, 811 (7 S. E. 2d, 737). In accordance with the foregoing principles, although it is conceded that the agreement sued on is a South Carolina contract, the validity, nature, obligation and construction of the contract will be governed by the common law as construed by the courts of this State, as the laws of South Carolina were not duly pleaded.

Under the terms of the contract the plaintiff Bussey was to receive $1000 if, as the result of his efforts, Walsh served not more than one year's confinement as a result of the sentence imposed upon him in the United States District Court of South

Carolina on May 23, 1944. It alleged that Walsh was confined sometime after 4 p.m. on May 23, 1944, and, as a result of the plaintiff's efforts Walsh was released sometime during the morning hours of May 23, 1945. The question of primary importance is, does the petition show on its face that Walsh was confined *more than* one year within the contemplation of the agreement.

At common law the construction of a contract was a question of law for the court and the cardinal rule of interpretation was to determine the intention of the parties. If that intention was clear and it contravened no rule of law, and sufficient words were used to arrive at the intention, it was enforced irrespective of all technical or arbitrary rules of construction. Words were interpreted according to their primary acceptance or usual and common signification, unless from the context of the contract and the intention of the parties to be collected from it, they appeared to be used in a different sense.

While a solar or civil year is a determinate and well-known period, consisting for all practical purposes of three hundred sixty-five days and in leap year of three hundred sixty-six days (2 Bl. Comm. pp. 140-142; *Redmond* v. *Glover*, Dudley (Ga.) 107) the meaning of the term must be determined from the connection in which it is used, and that meaning given it which will carry into effect the intention of the parties. We find nothing in the contract to indicate that any other year than one of three hundred sixty-five days was intended by the parties. In computing the number of days that Walsh was actually confined, however, we are confronted with the problem of whether to count May 23, 1944, as the first day or May 23, 1945 as the last day, or whether to include both, as Walsh was confined a part of each of those days, and it has been said that at common law fractions of days were counted as whole days. It is obvious from what we have already said as to the construction of the contract in accordance with the common-law rules that our statutory rule (Code § 102-102 (8) ) of counting either the first or last day is of no avail here. Nor does this case come within the rule for the computation of time where one must exercise a right or a privilege within a specified time. See, in that connection, *Maxwell* v. *Liverpool*, 12 *Ga. App.* 127 (76 S. E. 1036), and cases cited at page 131. Counting May 23, 1944, as a whole

day, since Walsh was confined sometime after 4 p.m. on that day; and, counting May 23, 1945, as a whole day, since Walsh was not released until sometime during the morning hours of that day, Walsh could be said, under such a computation, to have served three hundred sixty-six days, or one day longer than the commonly accepted year of three hundred sixty-five days. This legal fiction that a day was an indivisible point of time was applicable to public acts and commercial transactions in which the precise computation of time, or the intention of the parties, was not material, and was never adhered to if to do so would work injustice (Lester *v.* Garland, 33 Eng. Rep. (Full Reprint) 748; Field *v.* Jones, 103 Eng. Rep. (Full Reprint) 530; Comb *v.* Pitt, 97 Eng. Rep. (Full Reprint) 907); and, if the need arose, to meet the ends of justice, time was computed *de momento in momentum.* Lester *v.* Garland, supra. Forfeitures were never favored at common law. The common-law courts, in the construction of contracts, have always adopted that construction which would uphold and enforce rather than destroy bona fide transactions, the intention of the parties being a paramount consideration. Measured from the time of confinement to the time of release the prisoner Walsh was confined several hours less than one year, and if his confinement was reduced from a longer period of years to several hours less than 365 days of twenty-four hours each, we do not think that the parties could have intended so technical a construction as that fractions of days should be counted as whole days, thereby defeating the plaintiff's recovery after he had for all practical purposes performed his part of the contract. As we construe the petition and contract, Walsh was not confined *"more than one year"* and the petition stated a cause of action. We are strengthened in this view by the fact that the contractual limitation expressed in the contract provides that in the event the confinement extended for *more than one year* the $1000 was to be refunded, and we find nothing in the contract that would indicate that the parties intended that the $1000 was to be forfeited if Walsh was not released *within* one year. The contract, properly construed, shows that a *full* year was contemplated. It follows that the court erred in sustaining the general demurrer.

*Judgment reversed. Gardner and Townsend, JJ., concur.*