33127. CHELSEA CORPORATION *v.* STEWARD.

DECIDED NOVEMBER 30, 1950.

*Brannen, Clark & Hester,* for plaintiff in error.

*Kennedy & Sognier, John G. Kennedy Jr.,* contra.

MacIntyre, P. J. Error is assigned upon the trial court's overruling the defendant's demurrers to the plaintiff's answer to the defendant's plea in bar; upon the court's denying the defendant's plea in bar; and upon the court's overruling the defendant's demurrers to the plaintiff's petition.

■ The defendant corporation contends in its plea in bar that the plaintiff and the corporation entered into a written contract by the terms of which the defendant leased the apartment in question to the plaintiff; and that by the terms of the contract, and, particularly, in view of the following covenant, the plaintiff expressly released the defendant from all claims set out by the plaintiff in counts 1 and 2 of his petition: "Employees Prohibited From Receiving Goods: Tenant understands that employees of Landlord are expressly prohibited from receiving any goods, merchandise, or property, of any kind, for and in behalf of Tenant, or persons residing with Tenant and Tenant agrees that if any goods, merchandise, or property, of any kind, shall be given, intrusted, or placed in the hands of, or custody of, any employee of Landlord then such employee shall be deemed the agent of Tenant and Landlord is hereby expressly released from any and all claims for loss, damage, or expense, in connection therewith."

By his answer to the plea in bar the plaintiff admitted the existence of the written contract between him and the defendant corporation and admitted that it contained the foregoing covenant, but he contends that the same contract contained the following covenant: "(L) Amendments: (1) Further, any amendments or modifications of the above House Rules or any additional House Rules which may be promulgated from time to time by Landlord in connection with the management of the building, its halls, stairways, porches, drive, parking area, grounds, walks, and other appurtenances, and for the delivery

of merchandise and other things by tradespeople and other persons, are made a part of this agreement, with the same effect as though written herein, and shall be conformed with by Tenant." And the plaintiff contends that by virtue of this provision of the written contract, the corporation's agreement at the time of entering into the written contract, to furnish to the plaintiff sufficient storage space to store his various and sundry articles in a place other than in the particular apartment leased to him, the plaintiff was authorized to consider this an amendment to the written contract.

Answering these contentions in inverse order, we are constrained to say that, construing the various House Rules in relation to each other and the House-Rules covenant in its relation to the contract as a whole, the plaintiff's contention that the corporation's agreement, to furnish special storage space to him, is an amendment to the contract, is not tenable. The provision for amendments is a subsection of the House-Rules covenant and merely provides for amendments or modifications of the House Rules, not for amendments to the contract as a whole. The House Rules provided for in the contract were made and included in the written contract "in the interest of promoting and maintaining an environment conducive to the safety, welfare and happiness of the greatest number of residents" in the defendant's apartment building. The alleged agreement by the corporate defendant to store the plaintiff's property is not of a species to be grouped or mated with the House Rules. One specifies an obligation of the landlord; the others specify the obligations of the tenants. The lion does not mate with the lamb; the lily may not be engrafted upon the rose; they are not *ejusdem generis*. It follows that the court erred in overruling the defendant's demurrer to so much of the plaintiff's answer to the defendant's plea in bar as seeks to plead that the special agreement to store the property of the plaintiff constituted an amendment to the written contract.

■ By similar processes of reasoning the defendant's contention that the covenant in the written contract prohibits its employees' receiving "any goods, merchandise, or property, of any kind, *for* and *in behalf of* tenants"; makes any employee who thus receives goods, merchandise, or property, of any kind, the

agent of the tenant; and releases the landlord from "any and all claims for loss, damage, or expense, in connection therewith"; and bars the plaintiff's action in this case, is untenable.

From a perusal of the covenant in question, the question at once arises, did the parties to the contract intend this provision to prohibit the defendant's employees' receiving goods, merchandise, or property, of any kind, *from* a tenant for storage?

The cardinal rule of interpretation of contracts is to determine the intention of the parties. If that intention is clear and contravenes no rule of law, and sufficient words are used to arrive at the intention, it will be enforced irrespective of all technical or arbitrary rules of construction. Words are interpreted according to their primary acceptance or usual and common signification, unless from the context of the contract and the clear intention of the parties to be collected from it, they appear to be used in a different sense. *Bussey* v. *Hager,* 82 *Ga. App.* 23, 27 (60 S. E. 2d, 532).

Were we to indulge in conjecture, we should say that such a provision included in a contract drawn by a corporate landlord was included for the purpose of relieving the landlord from the rather well-known practice of thoughtless tenants who foist upon the employees of the landlords of large apartment buildings the perhaps easy but responsible task of receiving their numerous parcels from the various delivering services while the tenant is absent; but, laying aside conjecture, when given their usual and customary meanings, the words, "for" and "in behalf of" tenants, do not mean "from" tenants. Though "for" is a word of wide application its meaning is determined *noscitur a sociis,* from the context in which it is used; and, given its usual and customary signification in the context here, "for" is synonymous with "in behalf of," and if one do an act "in behalf of" another he does it "in the name of another." Childress *v.* Miller, 4 Ala. 447, 450; State of Georgia *v.* Brailsford, 2 U. S. 402 (2 Dall. 402, 1 L. ed. 433). It seems obvious to us, therefore, that if an employee of the defendant receive goods or property *in the name of another* he must receive the property from a third person. One does not need to receive goods in the name of the very person who is delivering the goods. Such a fiction seems to us a folly, and ordinary men do not play at such games. Under

this construction of the words "for" and "in behalf of" and the covenant in which they occur, we do not think that an employee of the defendant who receives goods or merchandise from a tenant for storage on the defendant's premises, whether by an express or implied agreement of the defendant to receive and store the goods, is precluded by this provision of the written contract from being the agent of the defendant so as to relieve the defendant from all responsibility for failure to exercise proper care and diligence in protecting and keeping the goods safely. If such had been the intention of the parties, a simple statement to that effect could have been included in the contract, but receiving goods *for and in behalf of* a tenant is not of the same genus of action as receiving goods *from* a tenant, and the latter action cannot be said to be included in the former, and we find no other words in the covenant or contract indicating an intention of the parties that employees of the defendant are prohibited from receiving goods from the plaintiff for storage. It follows that the plaintiff is not estopped by this provision of the written contract from pursuing the present action, and the court did not err in denying the defendant's plea in bar, under this contention of the defendant.

■ Count 1 of the petition is based upon allegations that the defendant agreed to store the plaintiff's goods as an inducement to, and in consideration of the plaintiff's renting the apartment in question. As we have already pointed out, this agreement was not in conflict with the written contract by virtue of the covenant prohibiting employees of the defendant from receiving goods for and in behalf of the tenant, but it is also contended by the defendant that this oral agreement to store the goods merged in the written contract. "A prior or contemporaneous parol agreement which contradicts, varies, or otherwise modifies a written agreement between the same parties, and pertaining to the same subject-matter, is merged into the written agreement; and where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, be conclusively presumed that the writing contains the entire contract. . . However, all prior or contemporaneous parol agreements between the same parties are not necessarily merged into the written contract. A distinct collateral oral agreement,

not inconsistent with the written one, is not so merged. . . One contract may be the consideration of another, the inducement to the execution thereof; and where an independent parol agreement has been made as the inducement to the making of a written contract between the same parties, the former may be proved and may be enforceable, though not referred to in the latter." *Neuhoff* v. *Swift & Company*, 54 *Ga. App.* 651 (2a, b) (188 S. E. 831). It follows that the court did not err in overruling the plea in bar for the reason that the prior agreement was merged in the written agreement. There is no reference in the written contract to storing of goods on the premises that conflicts with or is inconsistent with the alleged oral agreement.

■ From the circumstances of this case and what has been said in the foregoing division of this case, it was unnecessary for the plaintiff to set out the terms of the written contract or to attach the same to his petition. The defendant's special demurrer to paragraph 3 of count 1 of the petition is without merit and the court did not err in overruling it.

■ When a plaintiff alleges dealings between him and a defendant corporation through agents of the corporation, but fails to give the names of the agents referred to, it is the right of the defendant corporation by appropriate special demurrer to call on the plaintiff to do so. *Cherokee Mills* v. *Gate City Cotton Mills*, 122 *Ga.* 268 (50 S. E. 82). Since no reason appears why the plaintiff, who dealt with the agent, could not furnish this information, the court erred in overruling the defendant's special demurrer to count 1 of the petition calling for this information. See, in this connection, *Steed* v. *Harris*, 52 *Ga. App.* 581 (183 S. E. 847), and cit.

■ Construing count 2 of the petition as a whole, special demurrers 2, 3, and 4 are without merit. Paragraph 1 of this count designates the agent of the corporation to whom he delivered his property as Mr. Spivey and presumptively Spivey is "the agent" who gave the plaintiff the receipt in question, who was requested to deliver the foot locker in question, and who delivered the foot locker in question. The paragraphs demurred to upon the ground that the agent is not named followed the first paragraph wherein Spivey is designated as the agent with whom the plaintiff left his property and in these latter para-

graphs the plaintiff refers to *"the"* agent, obviously referring to the agent first named, not to another agent.

■ Under the allegations of count 2 it was unnecessary to attach the claim-stub. There is no allegation that the contract of bailment, if one existed, was in writing upon the claim-stub. The plaintiff merely alleged the facts under which he allegedly delivered his property to the defendant corporation. These facts may or may not constitute sufficient facts to show a contract of bailment; but, if the claim-stub contained limitations of the bailment, this would be a matter of defense.

■ There was no general demurrer filed against count 1 of the petition and the general demurrer lodged against count 2 is not well taken. Mr. Spivey was alleged to be the agent of the defendant corporation who received the plaintiff's goods and issued the receipt therefor, and the defendant corporation is alleged to have had sole custody of the property during the time it was stored. This was sufficient to render the defendant liable as a bailee. *Gilmer* v. *Allen*, 9 *Ga.* 208; *Lewis* v. *Amorous*, 3 *Ga. App.* 50, 53 (59 S. E. 338); *Merchants National Bank of Savannah* v. *Carhart*, 95 *Ga.* 394 (22 S. E. 628); *DeLoach Mill Manufacturing Co.* v. *Standard Sawmill Co.*, 125 *Ga.* 377 (54 S. E. 157). The court did not err in overruling the general demurrer to count 2 of the petition.

*Judgment affirmed in part, and reversed in part. Gardner and Townsend, JJ., concur.*