34466.    HATCHER *v.* SEITZ *et al.*

DECIDED MARCH 14, 1953.

G. *Seals Aiken, F. L. Breen,* for plaintiff in error.

*Wm. P. Whelchel,* contra.

FELTON, J. The plaintiff in error contends that the court erred in granting a nonsuit because the evidence presented a question for the jury as to agency. We agree. The plaintiff testified that the defendant Truelove told him, "Mr. Seitz was driving the car for me." The word "for" as used with its context in such statement means "on behalf of" the defendant Truelove. *Chelsea Corp.* v. *Steward,* 82 *Ga. App.* 679, 686 (62 S. E. 2d, 627); *Young* v. *Wilson,* 183 *Ga.* 59, 74 (187 S. E. 44); 17 Words & Phrases, p. 215. Truelove denied having made such a statement and testified that Seitz had merely borrowed the automobile for his own personal use. Nothing else appearing, the jury could have believed the plaintiff and disbelieved all the evidence tending to disprove agency and could have found that at the time of the collision Seitz was the defendant Truelove's agent acting for and on behalf of Truelove.

The plaintiff predicated Truelove's liability for the damages on the theory that Truelove was a passenger in his automobile when the collision occurred, and that the automobile was being operated by Seitz under Truelove's direction and control. While the evidence showed that Truelove was not a passenger in the automobile when the collision occurred, the evidence introduced by the plaintiff to show agency was not objected to, and the petition will be treated as being amended to allege such agency. *Bland* v. *Davison-Paxon Co.,* 83 *Ga. App.* 468, 473 (64 S. E. 2d, 350). This would not be allowing the plaintiff to set up a new cause of action, the relationship alleged as between Seitz and Truelove and the relationship tended to be proved by the evidence both being forms of agency coming within the doctrine of respondeat superior. *Baker* v. *Goddard,* 205 *Ga.* 477, 478 (1) (53 S. E. 2d, 754); *Trawick* v. *Chambliss,* 42 *Ga. App.* 333, 334 (3) (156 S. E. 268); *Read* v. *City & Suburban Ry. Co.,* 115 *Ga.* 366 (4) (41 S. E. 629); *Lytle* v. *Hancock County,* 19 *Ga. App.* 193 (91 S. E. 219); *Watkins* v. *Brown,* 14 *Ga. App.*

99 (2) (80 S. E. 212). See also *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d, 559).

It is not necessary to consider the other assignments of error under the ruling made above.

The court erred in awarding the nonsuit.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*