40504.   McCARROLL v. FIRST INVESTMENT COMPANY.

DECIDED MAY 21, 1964.

W. *Ward Newton,* for plaintiff in error.

*Lewis, Wylly & Javetz, Emanuel Lewis,* contra.

JORDAN, Judge. The note sued upon was executed prior to the effective date of the Uniform Commercial Code (Ga. L. 1962, p. 156 et seq.; *Code Ann. Title* 109A); and under the provisions of *Code Ann.* § 109A-10—102 (Ga. L. 1962, pp. 156, 427): "Transactions validly entered into before the effective date specified in section 109A-10—101 and the rights, duties, and interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law amended or repealed by this act as though such repeal or amendment had not occurred." This case is controlled therefore by the law as it existed prior to the effective date of the Uniform Commercial Code, and references are made to former Code sections as if they had not been amended or repealed by that Act.

"A person placing his signature upon an instrument other than as maker, drawer, or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." *Code* § 14-604, and see *Code* § 14-217 (6); *Pitman v. Pitman,* 215 Ga. 585 (2) (111 SE2d 721). The defendant McCarroll not having indicated by appropriate words his intention to be bound in some capacity other than

indorser, his signature on the back of the instrument sued upon must be deemed to constitute him an indorser, *Massell v. Prudential Ins. Co.*, 57 Ga. App. 460, 473 (196 SE 115); and since the plaintiff corporation was not shown to be an immediate party to the original transaction, it may not allege and prove by parol evidence that the defendant McCarroll was to be bound in a capacity different from that shown by the instrument. *Pickett v. Bank of Ellijay*, 182 Ga. 540, 543, 544 (186 SE 426). The allegation of the petition that the defendant McCarroll was a surety on said note must yield to the attached exhibit of a copy of the note itself which shows as a matter of law that said defendant signed as indorser. *Massell v. Prudential Ins. Co.*, 57 Ga. App. 460, 475, supra.

The defendant McCarroll being an indorser, his liability is fixed by *Code* § 14-607 which provides: "Every indorser who indorses without qualification, warrants to all subsequent holders in due course: (1) The matters and things mentioned in subdivisions (1), (2) and (3) of section 14-606, and (2) that the instrument is at the time of his indorsement valid and subsisting. In addition he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder or to any subsequent indorser who may be compelled to pay it." See *Code* §§ 14-409, 14-415, 14-608. As stated in *Massell v. Prudential Ins. Co.*, 57 Ga. App. 460, 470, supra: "[T]he obligation of the indorser is that he will pay 'if' certain preliminary proceedings are taken. It must follow conversely that otherwise he is discharged from liability. This liability is the same as that of a technical or general indorser, and in *Thomas v. Shepherd*, 42 Ga. App. 558 (2) (156 SE 724), it was held: 'According to the rules of the common law, as interpreted by our Supreme Court, the indorser of a promissory note is entitled to have the same duly presented for payment, and of a failure or refusal to pay he is entitled to notice; and a failure of the holder to present for payment, or to give notice of nonpayment, discharges the indorser from liability.' " Subject to the exceptions enumerated in the negotiable instruments law, it is necessary under the provisions of *Code* § 14-701 in order to

charge an indorser with liability to present the note for payment, and upon dishonor to give notice of said dishonor to the defendant indorser (*Code* § 14-801); and under the provisions of *Code* § 14-801, an "indorser to whom such notice is not given is discharged." *Murray v. Anderson*, 73 Ga. App. 771 (2), 774 (38 SE2d 131). The note sued on was payable on demand, and *Code* § 14-702 provides: "Where it is payable on demand, presentment must be made within a reasonable time after its issue."

The defendant McCarroll contends, therefore, that since it is not alleged in the petition that the note was presented for payment to Readi-Frozen Foods, Inc., the maker of the same, that payment was refused, and that notice of dishonor of the note was given to the defendant, as required by law, in order to bind him as indorser thereon, the petition does not state a cause of action against him, and his general demurrer was improperly overruled by the trial court. The defendant's contention in this respect, under the general rules set forth in the negotiable instrument law relative thereto is sound under the decision of this court in *Massell v. Prudential Ins. Co.*, 57 Ga. App. 460 (3), supra; and the judgment overruling the general demurrer must be reversed, unless as asserted by the plaintiff, the facts alleged in paragraph 7 of the amended petition are sufficient to show a waiver on the part of the defendant of the necessity of presentment and notice of dishonor. *Code* § 14-713 (3) provides that presentment for payment may be dispensed with by waiver of presentment, express or implied; and *Code* § 14-821 provides that notice of dishonor may be waived, expressly or by implication.

It is contended by the plaintiff that under the principle of law enunciated by the Supreme Court in *Hull v. Myers*, 90 Ga. 674 (16 SE 653), and followed by this court in *Murray v. Anderson*, 73 Ga. App. 771, supra, the facts alleged in paragraph 7 of the amended petition are sufficient to excuse presentment for payment and notice of dishonor. In the *Hull* case it was held that accommodation indorsers who represent their principal, an insolvent corporation, in procuring a loan of money for the principal's use, upon a promissory note which they cause to be made in its name and which they indorse in their own names, they, having at the time full control of its business and all of its assets, and their relation to it (the indorsers constituting the

directors of the maker corporation) being such as to make it their duty to see that the note is provided for and paid at maturity, are not entitled to notice of its dishonor. In the *Murray* case, supra, the defendant indorser was the president of the corporate maker of the note at the time of its execution, and the note had been executed by him in behalf of the corporation which had subsequently been dissolved; and it was held that under these allegations the defendant indorser knew everything about the note that the corporate maker knew, and that he was not entitled to notice of dishonor.

The rationale of these cases is stated in *Murray* at page 780: "The law did not then, and does not now require, that notice of presentment and dishonor of a negotiable instrument be given to an indorser in order to charge him with liability, where he already has knowledge of such matters. Where the reason for the rule, under the facts, no longer exists, it is not necessary to comply with the requirements of such rule. The law does not require a useless thing, and it certainly would serve no useful purpose to give an indorser notice of something of which he already has knowledge."

Assuming for the sake of argument only that under the allegations of paragraph 7 of the amended petition the defendant indorsers, because of their alleged relationship with the corporate maker, were chargeable with knowledge of everything about which the corporation had knowledge within the principle of the *Hull* case; and thus would not be entitled to *notice* of presentment and dishonor of the note by the corporate maker, such allegations would be unavailing here. This is true for the reason that the petition in this case not only failed to allege that notice of dishonor had been given to the indorsers, but also failed to allege that the note had in fact been dishonored by the corporate maker in either of the ways set out in *Code* § 14-714 which provides: "The instrument is dishonored by nonpayment when: (1) It is duly presented for payment and payment is refused or cannot be obtained; or (2) Presentment is excused and the instrument is overdue and unpaid." The petition here did not allege that the note had been presented for payment and payment refused or that presentment had been excused or

that the corporate maker could not or would not have paid the note if the same had been duly presented for payment.

Under these circumstances it cannot be said that the indorsers were not entitled to notice of presentment for payment and notice of dishonor because of an implied waiver of these requirements since the facts alleged are not sufficient to constitute a waiver within the principle of the *Hull* case. Accordingly, this case not coming within any of the statutory exceptions to the requirement of presentment and notice of dishonor as enumerated in *Code* §§ 14-711, 14-713, 14-821, 14-827, the petition did not set forth a cause of action; and the trial court erred in overruling the defendant McCarroll's general demurrer. *Massell v. Prudential Ins. Co.*, 57 Ga. App. 460 (3), supra.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*