JOHN ARMISTEAD, plaintiff in error, *vs.* C. P. McGUIRE, defendant in error.

Where the language of an instrument in writing is ambiguous, and may be fairly understood in more ways than one, it should be taken in the sense put upon it by the parties at the time of its execution, and the Court will hear evidence as to the facts and surroundings, and decree according to the truth of the matter.

Injunction. Construction of contract. Parol evidence. Before Judge HOPKINS. Fulton county. At Chambers. July 6th, 1872.

Armistead *vs.* McGuire.

John Armistead filed his bill against C. P. McGuire, containing substantially the following allegations, to-wit: That complainant represents the interest of his wife and children in the management of a tract of land near the city of Atlanta, upon which is situated the Ponce de Leon Spring, said to contain valuable medicinal properties, to which many citizens resort for health and pleasure; that complainant and his family now use it and have used it for a great length of time for domestic purposes; that on April 15th, 1872, the following contract was entered into between complainant and the Hibernian Benevolent Society, to-wit:

ATLANTA, GEORGIA, April 15th, 1872.

"This agreement, entered into between John Armistead of the first part and the Hibernian Benevolent Society, of the city of Atlanta, showeth that the aforesaid John Armistead agrees to rent the property in and about the Ponce de Leon Spring free, from the date above mentioned until the 13th day of November, 1872. And the Hibernian Benevolent Society of the second part, do hereby agree to build a platform and such other improvements as they may deem necessary for their own use; and they are to have the renting of the same for the dates above mentioned; and further, they do hereby agree to turn over all improvements made by them on the ground during the dates above mentioned; and further, it is agreed that no person, persons or society, outside of the Hibernian Benevolent Society, shall have any privilege of selling or bartering any kinds of liquor or other drink on said premises, or any other lands adjoining belonging to said property, without the consent of the said Hibernian Benevolent Society.        [Signed]

JOHN ARMISTEAD.

For the Hibernian Benevolent Society:

[Signed]                        J. T. GRADY,
                                H. H. BRANCH,
                                C. P. McGUIRE,
                                OC. CARROLL."

That the complainant has prepared for the sale and distribution of the waters of said spring to the citizens of Atlanta, by the purchase of two teams and two wagons, which he keeps constantly employed; that said waters are not sold, but complainant's profits arise from being liberally rewarded for the delivery of the same; that the defendant has had the management of the place under the contract, and has made some temporary improvements thereon, mostly for the purpose of accommodating the drinking and dancing persons of the community, and as the waters have not been much patronized by either class specified, said improvements have not been as profitable, perhaps, as they otherwise would have been, and have been permitted, measurably, to fall into disuse; that the whole community, up to this time, has had the uninterrupted privilege of using said waters, and complainant has had the privilege of delivering to invalids and others a supply of said waters; that complainant and his family have had the privilege of using said waters for all domestic purposes, without let or hindrance, complainant never having intended to convey any right or privilege of said waters of an exclusive character; that recently said defendant has notified complainant that he claims the exclusive right to said waters, which claim is predicated exclusively on said contract, and that neither complainant nor his family, nor any other person, shall use said waters without paying for the privilege; that said defendant has hauled lumber and is proceeding to fence in said spring, so as to enable him to accomplish his purposes in this behalf; that the damages to complainant, his family and the whole community will be irreparable; that the defendant is insolvent; that complainant is remediless at common law. Prayer, that the writ of injunction may issue restraining the defendant from building upon, or putting any obstructions around or about said spring for the purpose of preventing complainant or the community from the use of said waters, or preventing access to said spring, or in any manner preventing complainant from the sale of said waters. Several affidavits were presented sustaining the construction

placed upon said contract by the foregoing bill. The Chancellor refused the injunction and complainant excepted, and assigns said ruling as error.

D. F. & W. R. HAMMOND, for plaintiff in error. 1st. In construing the subject matter of the contract is to be fully considered: 2 Pars. on Con., 499. 2d. The situation of the parties at the time, and of the property which is the subject matter of the contract must be fully considered : 2 Pars. on Con., 499. 3d. The whole contract should be considered : 2 Pars. on Con., 501. 4th. Cotemporaneous facts may be established by extrinsic testimony: 2 Pars. on Con., 561, and 564; 1 Grenl. Ev., 297 to 300. 5th. Injunction granted where remedy at law is imperfect : 2 Story's Eq. Juris., secs. 919, 959, 956.

No appearance for defendant.

McCAY, Judge.

It is not clear from the written paper set forth in this record what the parties to it meant, as to the matter in dispute. Certainly there are expressions in the paper inconsistent with the claim set up by the defendant, and it is apparent to us that such was not the intention of the parties. Taking the surroundings, the nature of the property, the uses the complainant was making of it, and the expressed design and motives of the defendant, we think there are strong reasons for thinking no such exclusive right was intended to be granted the defendant, as he now claims. Taking the whole instrument together, however broad some particular clauses and words may be, there is an ambiguity as to what was meant. Under the Code, section 3748, the surroundings and understandings of the parties may be used to explain and discover the true meaning in doubtful cases. We think there is enough here to justify and require the jury to pass upon the meaning, and that the injunction ought to have been granted until the hearing. We take it that the Judge

felt himself bound to construe the deed from itself. But under the law as it stands in the Code, the circumstances, and especially the expressed intent of the parties, may, in cases of doubt and ambiguity, be inquired into.

Judgment reversed.