STANDARD SANITARY MANUFACTURING COMPANY *vs.* HARTFIELD REALTY COMPANY.

Hampden.   September 21, 1933. — December 7, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Landlord and Tenant,* Construction of lease.

A lease of real estate for a term of ten years, drafted by a representative of the lessor after negotiations between himself and a representative of the lessee, required the payment of a yearly rent of $5,700 for the first five years and in a single paragraph provided in substance that, before a certain date preceding the end of the five year period, the lessor should select a "disinterested person" to act as appraiser and should give his name to the lessee; that, if the lessee wished, he might also select a "disinterested person;" that, if "the Lessor shall refuse or fail to select an appraiser . . . the Lessee may, nevertheless, . . . select an appraiser as hereinbefore provided who shall proceed to fix and determine the fair market yearly rental for said last five years period, and said yearly rental so fixed and determined shall be final and binding upon the Lessee and the Lessor for the period"; that the appraiser or appraisers so selected should "determine" and "fix" the yearly rental for the last five years; and there was provision for the selection of a third appraiser if the two selected were unable to agree. The paragraph closed with the following: "The fair market yearly rental for such period so fixed and determined shall be the yearly rent for the . . . [last five years of the term] provided, however, that if the Lessor and the Lessee shall not agree . . . upon the yearly rental to apply to said last five years period and neither shall select an appraiser at the time and in the manner hereinbefore provided, then the rent payable during the five (5) years

period . . . shall be . . . $5,700 . . . a year and provided, further, that in no event shall the rent payable during the . . . period . . . be less than . . . $5,700 . . . a year." In a suit under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, for interpretation of the lease, it appeared that the lessor had failed to select an appraiser and that the lessee had selected one. *Held,* that

(1) The last clause above quoted placed a restriction on the power of the sole appraiser appointed by the lessee;

(2) The sole appraiser appointed by the lessee in such circumstances had no power to fix and determine as the yearly rent for the last five years of the term of the lease a sum less than $5,700.

BILL IN EQUITY, filed in the Superior Court on January 31, 1933, under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, for interpretation of a lease.

The suit was heard by *Dillon,* J., by whose order there was entered a decree, in substance "1. That the words [in the lease] 'and provided, further, that in no event shall the rent payable during the five (5) year period beginning January 1, 1933 be less than fifty-seven hundred ($5,700) dollars a year,' . . . do not apply to or govern but merely emphasize the immediate preceding language . . . [of the lease] . . . and further do not apply to or govern the language as set forth in clause 2 of said paragraph . . .: 'If the lessor shall refuse or fail to select an appraiser and give written notice of such selection to the lessee on or before the twentieth day of that August, the lessee may, nevertheless, on or before the fifth day of the September next following, select an appraiser as hereinbefore provided who shall proceed to fix and determine the fair market yearly rental for said last five years period, and said yearly rental so fixed and determined shall be final and binding upon the lessee and the lessor for the period.' "

The defendant appealed.

*A. L. Shipman* of Connecticut, (*J. M. Healy* with him,) for the defendant.

*H. P. Small,* for the plaintiff.

CROSBY, J. This case is before us on an appeal by the defendant from a decree entered in a suit brought under St. 1929, c. 186, § 1, now G. L. (Ter. Ed.) c. 213, § 3, Tenth A, for an interpretation of a written lease.

The defendant, as lessor, and the plaintiff, as lessee, entered into a written lease of certain premises for a term of ten years from January 1, 1928. The lease had been drafted by a representative of the lessor after negotiations between himself and a representative of the lessee. The yearly rent for the first five years was to be $5,700, "and during the last five (5) years of said term a yearly rental [was] to be determined as hereinafter provided." The provision for determination of the yearly rental for the last five years was contained in a single paragraph, which, so far as material, was as follows: "In 1932 within the first twenty (20) days of August the Lessor shall select, by notice in writing to the Lessee, to be given as hereinafter provided, a disinterested person to act as an appraiser. Within fifteen . . . days after receiving such notice the Lessee may signify . . . willingness to abide by the appraisal to be made . . . or may . . . select by notice in writing to the Lessor, to be given as hereinafter provided, a disinterested person to act as an additional appraiser. If the Lessor shall refuse or fail to select an appraiser and give written notice of such selection to the Lessee on or before the twentieth day of that August, the Lessee may, nevertheless, on or before the fifth day of the September next following, select an appraiser as hereinbefore provided who shall proceed to fix and determine the fair market yearly rental for said last five years period, and said yearly rental so fixed and determined shall be final and binding upon the Lessee and the Lessor for the period. If the Lessor shall select an appraiser as hereinbefore provided but . . . [the Lessee shall not signify a willingness to abide by appraisal and shall not select an appraiser] the appraiser so selected by the Lessor shall . . . determine the fair market yearly rental . . . [which shall be binding upon the parties]. If the Lessee and the Lessor shall each have selected an appraiser as hereinbefore provided, the two . . . so selected shall . . . fix . . . the yearly rental . . . [which] shall be final and binding upon the Lessee and the Lessor . . . . If the two appraisers so selected shall be unable to agree upon the fair market yearly rental . . . they may select

another disinterested person to act as the third appraiser [and if the two so selected cannot agree on a third, then a judge of the Superior Court of Hampden County shall appoint a third upon five days' written notice by the Lessor or the Lessee to the other of intention to request the appointment] . . . . When the appraisers or a majority of them shall have fixed and determined the fair market yearly rental to apply, they shall report their decision . . . . The fair market yearly rental for such period so fixed and determined shall be the yearly rent for the five (5) year period beginning at noon on the first day of January 1933, provided, however, that if the Lessor and the Lessee shall not agree on or before August 1, 1932 upon the yearly rental to apply to said last five years period and neither shall select an appraiser at the time and in the manner hereinbefore provided, then the rent payable during the five (5) years period beginning January 1, 1933 shall be fifty seven hundred ($5,700) dollars a year and provided, further, that in no event shall the rent payable during the five (5) year period beginning January 1, 1933 be less than fifty seven hundred ($5,700) dollars a year." The defendant's answer admitted an averment in the bill that the lessor did not within the first twenty days of August select an appraiser "as provided for in said memoranda." The parties stipulate and agree that the plaintiff selected an appraiser who reported to it that the fair market yearly rental for the period beginning January 1, 1933, was $3,900 per year, and that a letter stating the facts of appointment of the appraiser and of his report was sent to the lessor. The defendant's answer showed that it refused to accept as binding the rate set by the appraiser: The decree of the Superior Court recited, in substance, that the second proviso merely emphasized the first and did not restrict the power of a sole appraiser appointed by the lessee.

The question before this court is whether the second proviso in the last sentence of the paragraph limits the power of the appraiser or appraisers in every case in which resort may be had to an appraisal, particularly in a case where the lessee has selected the sole appraiser to act, or whether that

proviso merely emphasizes the first proviso. We are of opinion that the correct interpretation of the language used shows a restriction on the power of the appraiser appointed by the lessee where the lessor has refused or has failed to act. The plaintiff argues that the paragraph sets up a complete plan for fixing by an appraisal the fair yearly rental for the last five years, whether more or less than $5,700, and that construing the proviso as setting a bottom limit defeats the clear purpose of achieving that result, therefore that the proviso must be construed as merely emphasizing the preceding clause. But there is no sound ground for the premise that there was a purpose to determine by appraisal a fair rental regardless of whether it was more or less than the previous rental; i.e., regardless of whether or not the yearly rental value had advanced beyond or receded from its previous level. That foundation is established only if we consider that the parties did not have in mind the language of the second proviso, assuming for the moment that this sets a bottom limit where an appraisal is resorted to. So to consider would be a violation of the rule of construction that in deciding the meaning of a part of a written agreement the instrument as a whole must be kept in mind. "The intent of the parties must be gathered from a fair construction of the contract as a whole and not by special emphasis upon any one part." *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367, 375. The conflict which would arise if the provisions for appraisal allowed any fair rental, even though lower than the previous rate, and if the proviso was meant to forbid any rate lower than $5,700 a year must be resolved in a reasonable way if possible and effect given to the proviso and also to the provisions providing for arbitration. *Cohen* v. *Bailly*, 266 Mass. 39, 46, 47. That is accomplished if it is held that the power of the appraisers is limited by the proviso to setting a minimum of $5,700, a sum below which the rate may not be placed. Construing the language dealing with the appraisers in the light of the proviso, no plan for determination by them of the fair

rental value, whether above or below the previous rate, is disclosed.

The next question is whether it is to be held that the proviso in question does limit the power of the appraisers. We are of opinion that the natural force of the language used and the context lead to this result. "In no event" is a phrase of broad scope capable of including every contingency, or at least the contingencies which the parties had in mind, namely, the establishment of the rental rate by appraisers or by a single appraiser. The first proviso of the last sentence is not a restriction on or a qualification of anything dealt with in the opening clause. The general subject of the yearly rental rate is common to the two clauses. This first clause deals with the rental fixed where three appraisers have acted. The first proviso deals with the subject of the rental rate for the period, fixed under conditions differing from those referred to in the first clause. A distinct subject matter was brought up for consideration. The use of the word "further," occurring at the beginning of the second proviso, naturally would indicate that still another and a different subject matter is to be dealt with. That subject matter is a minimum rental rate under any contingency. In view of the use of the word "further" and by reason of the comprehensiveness of the phrase "in no event," the suggestion of the plaintiff that the second proviso qualifies only the sentence of which it is a part and merely emphasizes the proviso immediately preceding is unreasonable and cannot be adopted. The first proviso recites clearly that where there has been no agreement for a revision of rent, and neither party has selected an appraiser, the yearly rate for the last five years is to be $5,700. There was no possible need out of an abundance of caution to repeat and reiterate the same provision. It may be of some significance that it was not recited "provided, further, when there has been no agreement for revision and no resort to arbitration, in no event shall the rent . . . be less than" $5,700 a year. Such a recital would clearly have limited the second proviso to the status of a mere repetition of the

first proviso.   A way to repeat and emphasize the first proviso would have been to say: " . . . in no event shall the rent . . . be [more or] less than" $5,700.   To say in repetition for emphasis that it should not be less than that figure would be to plan for only one of two possibilities of change.   The inference is therefore plain that the second proviso was not meant to emphasize the idea expressed in the first.   The fact that the words "and provided, further" were used to introduce the last clause has no tendency to support construction of the last clause as merely one of emphasis.   It is doubtless true that to construe the second proviso as suggested by the defendant would destroy the value of the clause allowing the lessee to select an appraiser where the lessor has not acted.   It cannot be assumed that the parties then perceived no conflict, because they considered that the second proviso merely qualified the first proviso.   Such an interpretation is not the rational one which appears from the lease, and it is only the reasonable meaning appearing from the writing that we can suppose the parties had in mind.   *Boston Molasses Co.* v. *Molasses Distributors Corp.* 274 Mass. 589, 594.   It is apparent that the second proviso purports to set a minimum below which the rental fixed by an appraisal may not be made.   There is no evidence in the lease which effectively rebuts this conclusion.   Although it is four times recited that the fair market rental value determined by appraisal shall be the yearly rental for the second period of five years, yet the second proviso by its express terms declares that there is a minimum below which an appraisal may not set the rate.   So to construe the second proviso does not violate the principle of construction that language is to be interpreted most strongly against the person using it, *Wier* v. *American Locomotive Co.* 215 Mass. 303, 307, and that a lease is to be construed in the light most strongly against the lessor.   *Watts* v. *Bruce,* 245 Mass. 531, 534.   The language of the second proviso does not permit of any construction but that which declares that it sets a minimum rate.   It follows that the powers of the appraiser or appraisers are subject to an important qualification.   There are two competing interpre-

tations of the paragraph only if it is assumed that the sentences of the lease preceding the last sentence set up a plan for an appraiser or appraisers to fix the fair yearly rental even if it is below the previous rate of $5,700 a year. That assumption cannot rightly be made when the proviso is kept in mind. The correct method of reaching a conclusion was to determine the meaning of the second proviso in the last sentence of the lease and then to interpret the other sections in the light of this meaning. If it be suggested that it is just as fair and reasonable to interpret the proviso in the light of the meaning of other clauses and sentences, the answer is that it is impossible to determine the meaning of the other sentences and clauses until there is first determined the meaning of the proviso which apparently limits all previous clauses and sentences. The interpretation must begin somewhere and it is reasonable to start with a provision which *prima facie* has only one meaning.

In view of the conclusion reached the other contentions of the defendant need not be considered.

It follows that the decree must be reversed, and a decree entered declaring that the words and figures "and provided, further, that in no event shall the rent payable during the five (5) year period beginning January 1, 1933 be less than fifty seven hundred ($5,700) dollars a year" as set forth in the sixth clause of paragraph 3 of the plaintiff's bill of complaint are not to be construed as serving the purpose of emphasizing the first proviso, but are to be construed as controlling the action of the sole appraiser appointed by the lessee under the terms of the lease.

*Ordered accordingly.*