CLIFFORD WARREN AND LUBY WARREN v. E. L. BREEDLOVE.

(Filed 9 April, 1941.)

1. **Trial § 22b—**

Upon motion to nonsuit, all the evidence, whether offered by plaintiff or elicited from defendant's witnesses, is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

2. **Agriculture § 7d: Landlord and Tenant § 15b—Mere intention to breach lease does not constitute breach.**

Plaintiffs contended that defendant had breached his farm lease by planting cotton, and that such violation terminated the tenancy under the provisions of the lease. Plaintiffs' evidence was to the effect that defendant had plowed land and put in fertilizer for cotton, but there was no evidence that defendant had actually planted any cotton. *Held:* The mere threat or intimation that defendant would breach the agreement is not a breach, and the evidence is insufficient to show a breach terminating the tenancy.

3. **Agriculture § 7a: Landlord and Tenant § 19—**

Plaintiffs alleged that they had made demand on their tenant to surrender the premises because of breach of the lease contract. *Held:* Failure of evidence of demand in support of the allegation is fatal to plaintiffs' right to recover possession of the premises.

4. **Ejectment § 6b—**

In this action in summary ejectment, plaintiffs contended that defendant had breached the terms of the lease contract by planting cotton, entitling plaintiffs under the provisions of the agreement to terminate the tenancy. Plaintiffs' evidence failed to show that defendant had actually breached the lease contract as alleged, and failed to show demand for the surrender of the premises. *Held:* Defendant's motion for nonsuit was properly allowed.

5. **Agriculture § 7d: Landlord and Tenant § 7—Lease must be construed most strongly against lessor.**

A lease must be construed most strongly against lessor, and when in an agricultural lease no stipulations are made to cover the eventuality of

changes in Federal crop control policies, the landlord is not entitled to declare the lease forfeited because the tenant planted cotton contrary to the terms of the lease when it appears that, because of crop restrictions upon tobacco, the tenant was unable to plant crops upon the same basis as he had planted them during the prior year as required by the lease.

APPEAL by plaintiffs from *Bone, J.,* at October Term, 1940, of SAMPSON. Affirmed.

This is an action in summary ejectment, brought by plaintiffs against defendant. The plaintiff introduced the following evidence:

"The plaintiff maketh oath, that the defendant entered into the possession of a piece of land in said County adjoining the lands of Jessie B. Lee and others containing 86 acres, under a lease from the plaintiffs, Clifford and Luby Warren; that the term of defendant expired on the 23rd day of March, 1940; that the plaintiff has demanded the possession of the premises of the defendant, who refused to surrender it, but holds over; that the estate of the plaintiff is still subsisting and the plaintiff asks to be put in possession of the premises. Clifford Warren, Plaintiff. (Duly verified.)"

*Return to Notice of Appeal:* "An appeal having been taken in this action by the defendant, E. L. Breedlove, I, Carlisle Jackson, the Justice of the Peace before whom the same was tried, in pursuance of the notice of appeal, do hereby certify and return that the following proceedings were had by and before me in this said action:

"On this 2nd day of April, 1940, at the request of the plaintiff, Clifford Warren, I issued a summons in his favor and against the defendant, which is herewith sent. Said summons was, on the return day thereof, returned before me at my office; and at the same time and place the parties appeared.

"The plaintiff complained he did not rent to E. L. Breedlove any crops for the year 1940, and brought ejectment proceedings for possession, and the Court gave defendant possession for the year 1940, *and that he was to have the same crops for the year 1940 that he had for 1939,* and did not have any cotton for 1939, and on the first of April, 1940, the plaintiff received a letter from defendant, that he was going to plant all the cotton he could tend up to forty and one-half acres, and buy fertilizers and have same charged to Clifford and Luby Warren, and on the 2nd of April he went to the farm of E. L. Breedlove and found him plowing and putting out fertilizers, for cotton, and that he, E. L. Breedlove, had breached his contract.

"The defendant contends that he rented a farm from plaintiffs for the year 1939 and 1940; that he did not rent or tend any crops of cotton for the year 1939, but Mr. Warren told him if the sign-up came up next year that he could have some cotton, and, on those grounds, he wrote Mr. Warren that he was going to tend the cotton on which there was

forty and one-half acres of cotton allotted for the farm he was tending.

"I rendered judgment in favor of plaintiffs, Clifford and Luby Warren, and against E. L. Breedlove for possession of premises, together with $8.00 cost of this action.

"I also certify that on the 18th day of April, 1940, the appellant paid me my fee of thirty cents for making my return.

"All of which I send, together with the process and other papers in the cause. Dated this 20th day of April, 1940. Carlisle Jackson, Justice of the Peace."

The judgment in the Superior Court was as follows: "The above entitled cause coming on to be heard and being heard before His Honor, Walter J. Bone, Judge Presiding, and a jury, and it appearing to the Court that at the close of the evidence, the plaintiffs had not made out a case sufficient to go to the jury, and that counsel for defendant thereupon made motion for judgment of nonsuit; and it appearing to the court that the defendant is entitled to such judgment, said motion is allowed, to which ruling the plaintiff excepts. It is thereupon considered, ordered, and adjudged by the Court that the above entitled cause be and the same is hereby nonsuited, and the plaintiffs are taxed with the cost of the action. Walter J. Bone, Judge Presiding."

From the foregoing judgment the plaintiffs excepted, assigned error and appealed to the Supreme Court. The exceptions and assignments of error of plaintiffs, and other necessary facts, will be set forth in the opinion.

*Butler & Butler for plaintiffs.*
*D. C. Wilson and P. D. Herring for defendant.*

CLARKSON, J. At the close of plaintiffs' evidence the defendant in the court below made a motion for judgment as in case of nonsuit. C. S., 567. The court below sustained the motion and in this we can see no error.

The plaintiff Clifford Warren testified, in part: "On November 20, 1939, I gave notice to Mr. Breedlove to vacate the premises at the end of the 1939 crop year. I went to see him and told him I wanted to rent him the farm if I could, because it was time to rent it, if it was going to be rented, and he told me that he had the farm rented for two years, and that he was not going to rent it again."

The latter part of 1939 plaintiffs brought an action of ejectment before a justice of the peace to dispossess defendant. The defendant claimed that he had rented the land for two years, 1939 and 1940. The justice of the peace decided in favor of defendant and plaintiffs took no appeal.

Plaintiff Clifford Warren further testified: "During 1939, the defendant and myself got along nicely. He treated me all right. He worked hard and paid me $1,500.00 or something for my part, and I would not swear he didn't pay me over $2,000.00."

The defendant furnished two mules to work the crops. Plaintiffs had a chattel mortgage on same. Defendant had paid plaintiffs the price of one mule and interest in the 1939 settlement. Plaintiff testified: "After our 1939 settlement, I suggested to Mr. Breedlove that there be a contract drawn up between us for 1940. Mr. Breedlove said, 'I have already made my contract with you, and I am going to stick to mine, and you stick to yours!'"

In planting the crop in the spring of 1940, defendant had broken up around 20 acres of land and had fixed his plant beds for tobacco. Fertilizer was sent defendant by plaintiffs to finish planting his corn for 1940.

The plaintiffs and defendant wrote letters setting forth their respective rights in regard to the 1940 crops. In April, 1940, plaintiffs brought a second ejectment (the present) suit against defendant to dispossess him. The justice of the peace decided in favor of plaintiffs, the defendant appealed to the Superior Court, and the justice of the peace required a $1,500 bond for the rent, which defendant was unable to give. Plaintiffs took claim and delivery for the mules and possession of the crops that defendant had planted and also the farming implements which were plaintiffs', and left defendant without anything to farm. The defendant when ejected had planted 12 acres in corn and 10 acres in wheat, and has never received anything for the corn and wheat. In dispossessing defendant in the spring of the year everything was taken, and he and his wife and several children were turned out of house and home.

The contract between plaintiffs and defendant for 1939, which applied to 1940, was on the same terms. In 1939 there was no tobacco control and defendant planted about 15 to 18 acres of land in tobacco. Plaintiff testified: "There was no provision made between us in case of control of tobacco for 1940." In 1940, 3.6 acres was all the tobacco allotment made on this particular farm by the Government. Defendant claimed that in lieu of tobacco for 1940, the 40.05 cotton allotment he should be permitted to plant. Plaintiffs denied defendant this right and insist here that the threat to plant cotton forfeited the lease. When the ejectment proceeding was instituted, plaintiffs contend that defendant had made arrangements to plant cotton and had said he would, and had purchased the fertilizer. But plaintiff testified: "I could not swear of my own knowledge that Mr. Breedlove was going to plant cotton."

N. C. Code, 1939 (Michie), sec. 2365, in part, is as follows: "Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and

continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in either of the following cases: 1. When a tenant in possession of real estate holds over after his term has expired. 2. When the tenant or lessee, or other person under him, has done or omitted any act by which according to the stipulations of the lease, his estate has ceased," etc.

The basis and scope of summary ejectment in actions between landlord and tenant are established by sec. 2365, *supra*. The only section of said statute which could possibly fit the facts in this case is subsection 2.

Plaintiff testified: "Q. Your reason for getting him out now is that he planted some cotton; will you tell this jury if this man planted one bale of cotton? Ans.: No. He has made an effort to plant cotton, of my own knowledge, by putting out fertilizer." No demand was made by plaintiffs on defendant to surrender the premises. The affidavit so states, but there was no evidence to the effect.

Upon a motion of nonsuit, all the evidence, whether offered by the plaintiff or elicited from defendant's witnesses, is to be considered in the light most favorable to the plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

There was no sufficient evidence to be submitted to the jury that the plaintiffs made a demand on defendant to surrender the premises or that defendant had ever planted cotton, and in so doing breached his contract with plaintiffs. Defendant said he would, but he had not when this action was instituted. Defendant could change his mind, there was a *locus poenitentiae*. Plaintiffs jumped before they were spurred. A mere gesture of a breach does not constitute a breach.

In another aspect of the case, plaintiffs are barred from recovering. A lease is construed most strongly against the lessor. Here the lessor made no stipulation covering the eventuality of changes in Federal Crop Control policies, but contracted with defendant for the farming of a specific area and specific crops. Defendant correctly insists upon his rights under the contract. Plaintiffs must suffer any inconvenience resulting from their lack of foresight in failing to provide for adjustments in line with Government allotments later to be made.

In the language of the statute, *supra,* and evidence, we think that the defendant tenant has done no act or omitted to do any act by which, according to the stipulations of the lease, his estate has ceased.

For the reasons given, the judgment of the court below is
Affirmed.