18984. IRWIN *et al. v.* YOUNG *et al.*

ARGUED SEPTEMBER 15, 1955—DECIDED OCTOBER 13, 1955—REHEARING DENIED NOVEMBER 16, 1955.

*Robert W. Spears, Wm. G. Grant,* for plaintiffs in error.

*Troutman, Sams, Schroder & Lockerman, Wm. H. Schroder,* contra.

ALMAND, Justice. Sykes H. Young and others, alleging themselves to be engaged in auditing, accounting, and tax work, filed suit against W. H. Irwin and Mrs. Annie Lee Irwin, to recover a named sum of money for services rendered the defendants under a written contract to represent them before the Treasury Department of the United States and its officers in connection with a proposed assessment of Federal-income-tax deficiencies against the defendants for the years 1939-1945 inclusive. On the trial of the action the plaintiffs recovered a verdict, and the Court of Appeals affirmed the judgment of the trial court denying the defendants' motion for a new trial. *Irwin* v. *Young,* 91 *Ga. App.* 773 (87 S. E. 2d 322). We granted the defendants' petition for the writ of certiorari. The parties will be referred to in this opinion as they appeared in the trial court.

Counsel for the defendants assert that there is but one issue presented for determination by this court, to wit: "Were the

services to be rendered by defendants in certiorari under the contract sued on legal services such as can lawfully be rendered only by persons admitted to the bar?" It is contended that, if the answer to this question is in the affirmative, the contract was null and void because: (1) two of the persons contracting to render the services, and who were to participate in the fee to be paid by the defendants, were not members of the bar, and were prohibited from practicing law; and (2) the pleadings and evidence show that the defendants in certiorari, though not relieved from their duty, refused and failed to attend the case in person or by some competent attorney from the time of their employment to the final settlement or judgment.

The written contract of employment entered into between the parties is as follows:

"October 8, 1946

"Mr. and Mrs. W. H. Irwin,
  Hapeville, Georgia,
  Dear Mr. and Mrs. Irwin:

"This will confirm an agreement made with you on this date, wherein we agreed that we would represent you in connection with the proposed Federal income tax assessment for the years 1939 to 1945, inclusive, as set forth by an Internal Revenue agent's report under date of September 16, 1946.

"It was agreed that we would represent you upon the following terms:

"The sum of $7,500 is to be paid to us as a retainer, of which one-half is to be paid as of this date and the remainder on or before December 31, 1946. In addition thereto, we are to receive $35 per day for the time of each accountant engaged in examining your records in connection with the tax case. In the event any traveling out of the city is necessary you are to pay all of such traveling and subsistence expenses. This latter per diem and expense will be billed by us and is to be paid by you on a monthly basis.

"As further compensation, we are to receive an amount equal to seven and one-half percent of any reduction in the proposed tax and penalty as disclosed by the agent's report previously referred to, together with the statutory interest thereon. This

latter amount is to be paid upon the final settlement of your tax case.

> "Yours very truly,
> Young & Garber
> By (Sgd.) S. H. Young.
> (Sgd.) L. L. Stapleton

"Accepted:
  (Sgd.) Mrs. Annie Lee Irwin.
  (Sgd.) W. H. Irwin."

The Court of Appeals held: "There is competent evidence in the record authorizing the jury to find that the parties entered into a contract consisting of the matters referred to in the foregoing statement of facts. . . The evidence was in sharp conflict on each of the material issues of the case, and while it was not at all conclusive nor was the verdict rendered demanded, we are constrained to hold that the verdict returned by the jury was not without evidence to support it." *Irwin* v. *Young*, supra, p. 779. Error is assigned on this ruling.

The contract set out above was attached to the petition. It does not appear from the record that any demurrers were filed by the defendants asserting that the contract was null and void. In their answer, the defendants admitted the allegation in the petition that the plaintiffs were employed to represent the defendants before the Treasury Department and its officers in connection with proposed assessments for Federal-income-tax deficiencies asserted against them for the years 1939-1945 inclusive, in the amount of $406,013.85, and alleged that they were induced to enter into said contract because of representations of the plaintiffs Young and Troy that they were capable practicing attorneys at law, as well as accountants, and as such were capable of handling the tax matters of the defendants before the various courts in which they might become involved and the Treasury Department, which representation was false and untrue, in that neither Young nor Troy was an experienced and capable attorney. In an amendment filed to their answer, the defendants alleged that the plaintiffs were prohibited by law from collecting the fee sued for, because the contract of employment was null and void.

It is now insisted that the contract of employment is unam-

biguous, and shows on its face that it is a contract of employment of the defendants to render legal services, and since not all the parties plaintiff to the contract were lawyers, there could be no recovery on the contract, the same being illegal and contrary to law, and the courts will not aid in the enforcement of contracts made for the unauthorized practice of law. Curry *v.* Dahlberg, 341 Mo. 897 (112 S. W. 2d 345). It does not appear from the record that any ruling was invoked by the defendants on the trial of the case as to whether the contract is or is not ambiguous, but the record discloses that parol evidence was introduced by both parties as to what was the intention of the parties at the time the contract was made, as well as the acts of the parties subsequent thereto. It does not appear that objection was made to the introduction of any of this evidence. There was testimony in behalf of the plaintiffs that before the contract was signed the plaintiffs informed the defendants that their services would be solely those of accountants, and that they would not render any legal services, but that if any court action was required, the defendants would have to obtain the services of lawyers. There was testimony on behalf of the defendants that the plaintiffs represented that they were lawyers and would represent the defendants as such. There was much evidence as to what service or representation the plaintiffs rendered the defendants, as well as to what was meant by the parties to the agreement as to paying the retainer fee, for special services rendered, and as to payment of the contingent fee, and as to what payment of the contingent fee was to be based upon.

Counsel for the defendants assert in their brief that the judge "refused to construe the contract, and, instead, submitted to the jury the question of whether or not the contract was void for the reasons contended by petitioners in certiorari," and that such contract was void (1) because the plaintiffs "failed to attend the cause until it was settled or judgment was rendered therein," and (2) "because two of the persons undertaking to render the legal services and participate in the fees stipulated in said contract were not members of the bar, and prohibited from practicing law." It is thus apparent that the trial court treated the contract as being ambiguous, and submitted to the jury, under instructions, the question of ambiguity. It does not appear from

the record that any attack was made on this ruling, other than the general grounds of the motion for a new trial. The verdict in favor of the plaintiffs was a finding that the services rendered under the contract were those of accountants, and not legal services.

As we see it, the sole question presented is whether or not the evidence demanded a finding that the contract between the parties was one which employed the plaintiffs to render legal services, when not all of the plaintiffs were qualified lawyers, and was void and unenforceable for that reason.

In our opinion, the contract was ambiguous in at least three particulars:

(1) It provides in the first paragraph: "This will confirm an agreement made with you on this date, wherein it was agreed that we would represent you in connection with the proposed Federal income tax assessment for the years 1939 to 1945, inclusive, as set forth by an Internal Revenue agent's report under date of September 16, 1946." The word "represent" is ambiguous, because nowhere in the contract does it indicate whether the plaintiffs were to represent the defendants as accountants, or as lawyers, or in what capacity, nor whether the representation was to be before an administrative board or a court. The word "represent" means to stand in the place of another, act his part, or speak with authority on behalf of another. 37 Words & Phrases (Perm. ed.), p. 32. One does not have to be a lawyer to represent another. An agent for a principal represents him, whether he be a lawyer or a layman.

(2) It is insisted that the word "retainer" as used in the contract as to the payment of an initial sum to the plaintiffs is unambiguous, and can only mean the payment of a retaining fee for legal services. In our opinion, this word does not require such exclusive construction, and could mean payment of a fee to one who is not a lawyer. One of the definitions in Webster's International Dictionary is that it means "a fee paid to engage a lawyer or counsellor to maintain a cause, *or to any professional adviser to give advice,* or to secure a prior claim upon his services in case of need." (Italics ours.)

The rules and regulations of the United States Treasury Department governing the recognition of agents and attorneys rep-

resenting claimants before the department, which permit public accountants to practice before the department (which rules are in the record in this case), provide that partially contingent agreements between taxpayers and attorneys or accountants "are permissible where provision is made for the payment of a minimum fee, which minimum fee is to be paid irrespective of the outcome of the proceeding," and such contracts of employment must be filed with the department. The word "retainer" as used in the contract involved in this case could apply to the payment of a fee either to an attorney or to an accountant. The word as thus used is so uncertain as to be ambiguous.

(3) The contract further provides a contingent fee of 7½% of any reduction in the proposed tax and penalty, and "this latter amount is to be paid upon final settlement of the tax case." There is nothing in the contract which disclosed what would be considered a "final settlement of the tax case." Was the amount to be determined when the settlement was made in the Treasury Department, or final adjustment after litigation in the courts? This uncertainty as to the time the contingent fee was to be paid was subject to explanation by the parties. The record discloses that there was evidence as to what was the understanding of the parties as to this matter.

Counsel for the petitioners in certiorari insist that the power of attorney executed by the Irwins to Young, Troy & Stapleton discloses that they were to act as lawyers and not as accountants. This power of attorney, executed on October 8, 1946, appointed Young, Troy & Stapleton as the Irwins' "true and lawful agents and attorneys in fact and at law to represent them in connection with a proposed additional assessment of Federal income for the taxable calendar years of 1939, 1940, 1941, 1942, 1943, 1944 and 1945, with full power of substitution and revocation." It is thus seen that the power was granted to these parties as *agents* and as *attorneys in fact* and *attorneys at law*. Under this power, they could represent the defendants either as agents or as attorneys. Troy, one of the plaintiffs, in his testimony stated that this power was executed on a form which his office used in all cases in their practice as accountants before the Treasury Department. The evidence did not demand a finding that the plaintiffs were given this power of attorney solely for the purpose of their representing the defendants as attorneys at law.

Parol evidence was admissible to explain these ambiguities (Code § 38-502); and the surrounding circumstances attending the making of the contract were subjects of proof to aid in the construction of the contract. Code § 38-505. "Where the language of an instrument in writing is ambiguous, and may be fairly understood in more ways than one, it should be taken in the sense put upon it by the parties at the time of its execution, and the court will hear evidence as to the facts and surroundings, and decree according to the truth of the matter." *Armistead* v. *McGuire*, 46 *Ga.* 232. "What the real contract between the parties was, is a question for the decision for the jury; and when there is sufficient evidence to sustain the verdict, the court should not grant a new trial." *Lloyd* v. *Cheney*, 37 *Ga.* 497 (1).

We have thoroughly read the evidence in this case, and can not say that it demanded a finding that the contract was void and unenforceable. The jury were authorized to find that the plaintiffs were employed as accountants to handle the tax matters of the defendants only before the Treasury Department of the United States, where, under the regulations of that department, they were authorized to practice, and that at no time during the progress of their employment did they render services which only one admitted to the practice of law could perform. The Court of Appeals did not err in holding that the trial court properly overruled the general grounds of the defendants' motion for a new trial.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Candler and Hawkins, JJ., who dissent.*

HAWKINS, Justice, dissenting. Where, as in this case, a contract dated October 8, 1946, entered into between the Irwins and a partnership composed of lawyers and accountants, provided that the partnership would "represent" the Irwins "in connection with" certain proposed Federal income tax assessments, for a "retainer" fee of $7,500, the payment of a stipulated per diem and expenses for "each accountant engaged in examining your records in connection with your tax case," and a contingent fee of seven and one-half percent of any reduction in the assessment which might be secured "to be paid upon final settlement of your *tax case*," and simultaneously therewith, and bearing the same date thereof, a power of attorney was executed by the

Irwins to "Sykes H. Young and Peter J. Troy of Young & Garber, Certified Public Accountants, Atlanta, Georgia, and L. L. Stapleton, of Decatur, Georgia, as his [their] true and lawful agents and *attorneys* in fact and *at law* to represent them in connection with a proposed additional assessment of Federal income for the taxable calendar years of 1939, 1940, 1941, 1942, 1943, 1944, and 1945, with full power of substitution and revocation," in which "The Commissioner of Internal Revenue, his subordinates and agents, are hereby authorized and requested to furnish the said agents and *attorneys* of the undersigned [Irwins] with copies of any returns, protests, claims, reports or other papers connected with said matters, and to disclose to said *attorneys* any and all information in their possession, in connection with said matters," such contract was not ambiguous, and its construction should not have been submitted to a jury, but it should have been construed by the court as creating the relationship of client and attorney at law. "The construction of a contract is a question of law for the court" (Code § 20-701), and "the whole contract should be looked to in arriving at the construction of any part" (Code § 20-704 (4)); and "several instruments made at the same time are to be construed together as parts of one contract, where it is necessary to carry into effect the agreement and intention of the parties." *McCreary* v. *Gewinner*, 103 *Ga.* 528, 533 (29 S. E. 960).

Applying the foregoing principles of law to the contract in this case, it was invalid. Code § 9-401 et seq.; *Boykin* v. *Hopkins*, 174 *Ga.* 511 (162 S. E. 796); Code § 9-615. Therefore I dissent from the rulings of the majority in the second and third divisions of the opinion and from the judgment of affirmance.

I am authorized to say that Mr. Chief Justice Duckworth and Mr. Justice Candler concur in this dissent.