42480.   PARKHILL TRUST FUND, INC. et al. v. CARROLL.

Submitted January 3, 1967—Decided January 19, 1967—
Rehearing denied January 30, 1967.

*James H. Fort,* for appellants.

*Roberts & Thornton, Jack M. Thornton,* for appellee.

FELTON, Chief Judge. ■ The first enumerated error is that "[t]he exculpatory clause contained in the rental agreement is a bar to this action." The clause provides as follows: "That the rented premises have been examined by the tenant and are at the time of delivery of possession hereunder in good repair and tenable condition, and said tenant hereby expressly relieves said landlord from, and assumes, all risk of, and liability for, damages or injury of any character whatsoever to person or property, sustained by any occupant of said rented premises, whether tenant or guest thereabout, *caused by* breakage, leakage, or obstruction of water or soil pipes, leaks in roof, windows, doors or walls, whether *produced by* rainstorm, wind or other casualty, *or cause whatsoever,* during the tenancy hereby created." ·(Emphasis supplied.)

"Without commenting upon whether a clause relieving the defendant of negligence with respect to every legal duty would

be valid, at least a clause having such broad consequences could be effective only by unambiguous language clearly expressing the intention of the parties to exculpate from liability for negligence of every kind. [Authorities cited.]" *Ins. Co. of North America v. Gulf Oil Corp.*, 106 Ga. App. 382, 389 (127 SE2d 43). "[I]n cases of doubt, the contract will be construed most strongly against the one who prepares the instrument. *Code Ann.* § 20-704 (5); *Benevolent Burial Assn., Inc. v. Harrison*, 181 Ga. 230, 239 (181 SE 829); *Howkins v. Atlanta Baggage & Cab Co.*, 107 Ga. App. 38 (1) (129 SE2d 158)." *Brooks v. Phillips Petroleum Co.*, 113 Ga. App. 742, 744 (2) (149 SE2d 511). It is not clear from the language of the present clause whether the phrase "cause whatsoever" is the object of "caused by," as appellant contends, or of "produced by," which would merely broaden the listed causes of "leaks." The contract, being ambiguous in this respect, must be construed most strongly against the appellant landlord who prepared it. So construed, the clause did not bar the action of the appellee-tenant; therefore, it was properly excluded from the case.

■ There was testimony by the plaintiff's daughter, who was thirteen years old at the time of the alleged accident, that, at her mother's request, she had telephoned the secretary of the defendant landlord's agent about two weeks prior to the accident, informing the secretary that the hinges on the bottom part of the door had come off and that she would like somebody to fix it, but that they never did. (There was no objection to the variance between this evidence and the allegation in the petition that the plaintiff herself had given the defendant personal notice.) When asked, on cross examination, how she fixed her time of "two weeks," the witness replied, "Well it has been so long that I don't really remember." While this answer is subject to the construction that it had been so long that the witness didn't remember how much time had elapsed between her telephone call and the accident, the jury would have been authorized to construe it to mean that it had been so long that she didn't really remember how she fixed the time of two weeks. The plaintiff herself testified that her daughter had given the notice probably two *days* prior to her accident.

The above was sufficient to authorize the finding that the defendant had actual notice of the defect at least two days and possibly two weeks before the injury. Whether what the plaintiff's daughter said over the telephone was sufficient to constitute notice of the dangerous condition, whether the call was actually received (which was denied) and whether the plaintiff was exercising ordinary care in using the defective door were all jury questions. Likewise, how much notice defendant received and whether there was a reasonable time within which to have made repairs were jury questions. *Fincher v. Fox,* 107 Ga. App. 695, 698 (2) (131 SE2d 651) and cit. It cannot be said, as a matter of law, that even two days was not a reasonable time, especially in view of the evidence that the workman who did the defendants' repairs customarily checked with the landlord's agent daily to receive his repair assignments and that it took him only 35 to 40 minutes to repair the door after being requested to do so after the accident. The evidence, though not completely positive and uncontradicted, was, nevertheless, sufficient to authorize the verdict and judgment in favor of the plaintiff.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*