43019. FARM SUPPLY COMPANY OF ALBANY, INC. v. COOK.

ARGUED SEPTEMBER 5, 1967—DECIDED NOVEMBER 16, 1967— REHEARING DENIED DECEMBER 11, 1967—

816

*Swift, Pease, Davidson & Chapman, W. G. Scrantom, Jr., Burt & Burt, Hilliard P. Burt,* for appellant.

*Lee & Hitchcock, William S. Lee,* for appellee.

EBERHARDT, Judge. ■ What is now *Code* § 20-701 has been in every Code, including the first: "The construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact." It was the common law rule long before the first Code. A matter similar to an obscurely written word is the inclusion of an unfamiliar abbreviation. *Holland v. Long & Bro.,* 57 Ga. 36 (1). Rules to be applied in construing contracts are found in *Code* § 20-704, and others may be found in some of the decisions.

The true rule relative to the duty of the court to construe is asserted in *Davis v. United Amer. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488): "Construction of ambiguous contracts is the duty of the court, and it is only after application thereto of the pertinent rules of construction, and they remain ambiguous, that extrinsic evidence is admissible to explain the ambiguity." To the same effect is *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 679 (34 SE2d 839), where it was asserted that "[T]here can be no ambiguity within the rule to which we have referred, unless and until an application of the pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties." To state it another way, although there is ambiguity in a contract it raises no jury question unless the ambiguity remains unresolved after application of all applicable rules of construction. This rule was applied in *General Gas Corp. v. Carn,* 103 Ga. App. 542, 546 (120 SE2d 156), all of the judges of the whole court concurring, save Chief Judge Felton, who dissented for another reason.

It does not follow that merely because there are two possible interpretations which might be employed in construing a contract

the matter automatically becomes a question for the jury. If that were true the court would rarely, if ever, construe a contract as *Code* § 20-701 declares its duty to be. The role and function of a court is higher than that of a mere referee. If there has been a tendency to relegate it to that role it is because we have failed to recognize and apply the true rule which the Supreme Court reasserted in *Davis,* supra.

"The construction of the written contracts was, of course, for the court, though factual issues were presented as to the meaning of certain technical words and ambiguous terms, such as 'pilot house' and 'shop drawings' " (in a construction contract). R. P. Farnsworth & Co. v. Tri-State Construction Co., 271 F2d 728, 733 (CCA 5, Ga.), cert. den. 362 U. S. 941 (80 SC 807, 4 LE2d 770).

Now what are the pertinent rules to be applied here, and is there a remaining ambiguity after making application?

There is the matter of attendant and surrounding circumstances, and the lessor urged before the trial court and this court that consideration should be given the matter of a former lease between the parties on the same property, which had been executed several years previously and which had been terminated by the lessor for default in rental payments. The lease in question specifically provides that it "supersedes" the former lease executed December 19, 1950, thus wholly supplanting it, rendering it obsolete and removing it as a matter affecting the rights of the parties. The former lease, no longer in effect, or its terms, does not constitute "attendant and surrounding circumstances" nor does it appear that the present lease does not "speak the whole contract."

Words in the contract are to be afforded their usual and common signification, unless they are technical terms, or terms used in a particular trade or business. The disagreement here involves no technical or trade terms. The words are usual and ordinary ones, to be given their usual and ordinary meaning.

In the first sentence of Paragraph 7, the amounts of rental which the lessor is to receive are spelled out, viz., ground rent of $150 per month, and additionally the first $100 per month realized "from *any subleases* and 50 percent of *all* monthly rentals

realized over $100 under *any subleases.* . ." The use of sub-leases in the plural is significant, as well as the use of the word "all" in referring to the division of rentals realized over $100 per month from subleases. "All monthly rentals realized over $100" can refer only to the aggregate receipts from all subleases. This is clearly made to appear from the additional provision in this paragraph requiring that the lessee pay in addition to the ground rent "the first $100 per month realized from any sub-leases," and 50 percent of the excess. If the provision for $100 per month were intended to apply, as contended by the lessor, to each and every sublease there would have been no limitation to the *first $100 realized;* rather it would have been simple and easy to have made the provision apply to each and every lease by adding those words after "the first $100 realized from." But it was not done and we cannot find that the parties so intended. While lessor contends that the word "any" as used in this lease means "each" or "each and every" we find this inconsistent with the use of the plural "subleases."

■ Lease contracts are generally construed against the les-sor.[1] This rule is applied in substantially all of the the jurisdic-tions (51 CJS 859, Landlord & Tenant, § 232; 32 AmJur 133, Landlord & Tenant, § 128), though we have been unable to put our hands on a case from either of the courts in this State stating it in these very words. However, it was applied by the Supreme Court in *Epping v. Devanny,* 28 Ga. 422; *Deich v. Reeves,* 203 Ga. 596 (48 SE2d 373), and by this court in *Williams v. Ber-nath,* 61 Ga. App. 350 (6 SE2d 184); *Shiflett v. Anchor Rome Mills,* 78 Ga. App. 428 (50 SE2d 853); *Chelsea Corp. v. Steward,* 82 Ga. App. 679 (62 SE2d 627), and in *Parkhill Trust Fund, Inc. v. Carroll,* 115 Ga. App. 108 (153 SE2d 615). It was recog-nized in *Oastler v. Wright,* 201 Ga. 649, 652 (40 SE2d 531)

---

[1]Unless the ambiguous provision appears in a form supplied by the lessee, or was prepared by the lessee, in which event it is to be construed against the party who drew it. *Wilcox, Gibbs & Co. v. Owens,* 64 Ga. 601 (2); *Hill v. John P. King Mfg. Co.,* 79 Ga. 105 (3 SE 445); *Parkhill Trust Fund, Inc. v. Carroll,* 115 Ga. App. 108 (153 SE2d 615); *Brooke v. Phillips Petroleum Co.,* 113 Ga. App. 742 (149 SE2d 511).

where the court asserted that "in cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant." And compare *Gay v. American Oil Co.*, 115 Ga. App. 18 (153 SE2d 612).

Examples of cases from other jurisdictions holding that where doubt exists as to the meaning of lease provisions it is to be resolved against the lessor are: Mutual Paper Co. v. Hoague-Sprague Corp., 297 Mass. 294 (8 NE2d 802); Dietrich v. Ezra Smith Co., 12 Ohio App. 243 (31 Ohio CA 204). The rule has been applied where there was dispute as to the rental provisions, or as to the method of calculating rentals under the lease provisions—two interpretations being urged. South Parkway Bldg. Corp. v. Theatre Amusement Co., 328 Ill. App. 447 (66 SE2d 437); Standard Sanitary Mfg. Co. v. Hartfield Realty Co., 284 Mass. 540 (188 NE 220).

Where the dispute as to rental provisions "centered around the legal effect of words rather than inherent ambiguity," extrinsic evidence was held unnecessary to explain the effect; it was a matter for construction by the court. 455 Seventh Ave., Inc. v. Frederick Hussey Realty Corp., 295 NY 166 (65 NE2d 761).

Another rule, a corollary to that found in *Code* § 20-704 (5), is that since the lessor has the power to control the stipulations which go into the lease at the time of drafting, if the full intent is not expressed the loss must fall on him. Brown v. Irving Trust Co., 66 F2d 473, affirmed in 291 U. S. 320 (54 SC 385, 78 LE 824). If there is left uncertainty or even ambiguity in the lease, it is the lessee and not the lessor who is to be favored, because the lessor had the power of stipulating in his own favor, though he may have neglected to do so. Martin v. Martin (La. App.), 181 S 63. Accord, Warren v. Breedlove, 219 N. C. 383 (14 SE2d 43). In this connection we observe that it is asserted in lessor's brief in this case that the lease in question was negotiated by the lessor "from a position of strength" in regard to its terms. Our courts have applied these rules and construed deeds against the grantor. *Harris v. Hull*, 70 Ga. 831, 841.

Applying them to Paragraph 7 of this lease, is there any doubt left as to what it must be held to mean? We think not. No ambiguity is left unresolved and, as the Supreme Court has

pointed out in *Davis v. United Amer. Life Ins. Co.*, 215 Ga. 521, supra, and *McCann v. Glynn Lumber Co.*, 199 Ga. 669, supra, unless there remains an unresolved ambiguity there is nothing to submit to a jury. Construction and declaration of the meaning of the contract is the duty of the court.

Each of the parties conceded before the trial court and in this court that the court should construe the lease—each urging his own interpretation to be adopted in so doing. The court did construe it, adopting the interpretation urged by the lessor. In this he erred, for he failed to apply the rules which apply in this situation.

Applying the applicable rules of interpretation it must follow that the interpretation urged by the lessee was the correct one and the court erred in rendering judgment in favor of the lessor.

*Judgment reversed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The construction of a written contract is a question of law for the court, except when there are ambiguities in the instrument, after the application of the rules of construction fails to resolve the ambiguity, in which case the meaning of the uncertain terms is a question of fact, to be determined by a jury in accordance with the intention of the parties. *Code* §§ 20-701, 20-702, 20-703; *Chambliss v. Hall*, 113 Ga. App. 96, 103 (147 SE2d 334), and cit. Parol evidence as to the facts and circumstances attending the making of the contract is admissible only when the contract is ambiguous. *Code* §§ 20-701, 20-704 (1), 38-502, 38-505; *Irwin v. Young*, 212 Ga. 1, 7 (90 SE2d 22), and cit.; *Plaza Hotel Co. v. Fine Products Corp.*, 87 Ga. App 460, 462 (74 SE2d 372). *The existence of the ambiguity is to be determined after the application of the pertinent rules of interpretation,* found in *Code* § 20-704. *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 679 (34 SE2d 839); *Dorsey v. Clements*, 202 Ga. 820, 823 (44 SE2d 783, 173 ALR 509).

The language of Paragraph 7 of the lease, standing alone, can not, through the exercise of any amount of verbal gymnastics or the application of the rules of interpretation, be so construed as to support the construction of either party to the absolute exclusion of that of the other. It is interesting to note that, although

both parties consider the contract unambiguous (with which proposition the trial court evidently agreed), each party urges a different and inconsistent meaning, which fact is additional indication of ambiguity.

Nor does a consideration of the whole contract, as required by *Code* § 20-704 (4) and urged by defendant, support one construction over another as a matter of law, although the other provisions of the contract, along with any proper evidence, may be considered by a jury in determining the intention of the parties. *Although the problem of construction would not arise where there was but one sublease, either of one tract or of two tracts combined,* the contract is not at all certain as to the intended division of rentals in the existing situation, wherein two separate subleases are involved.

The rule as to construction most strongly against the party executing the instrument, *Code* § 20-704 (5), does not apply in the present case. Although plaintiff's affidavit supporting his motion for summary judgment alleges that the lease was prepared by the defendant's attorney, it was, nevertheless, subject to negotiation by the attorneys for both parties.

The expression "under *any* subleases as to tracts two and three" is susceptible to several constructions. (1) It can mean what the lessor contends or (2) it could mean what the lessee contends, assuming only one separate lease of Tracts 2 and 3 was contemplated; and it could mean that the contract was intended to cover *more than one separate lease of Tracts 2 and 3* in which latter case it would be clothed with the same ambiguity as stated above. This is a case of a built-in ambiguity which none of the rules of construction will resolve. The majority opinion stresses the use of *subleases* (plural) whereas it completely ignores the use of the word *any* which appears next before the word *subleases.* The rule of construction against a lessor is based on the theory that the lessor controls the provisions of the contract. This is not the fact in this case as the contract was subject to negotiation between the parties. The fact that they did not think negotiation necessary does not affect the truth of the fact that the lessor did not control the terms of the contract.

Since the contract was ambiguous, it should be submitted to a jury for a determination of its meaning, aided by any proper evidence which might be adduced.